## In the Matter of KILLIAN CONSTRUCTION CO., INC., Debtor.

**L.D. FITZGERALD, Trustee, Plaintiff,**

v.

**John H. BERTRAM, Phyllis A. Bertram, Defendants.**

**L.D. FITZGERALD, Trustee, Plaintiff,**

v.

**Charles G. DIEHL and Vera D. Diehl; Provident Federal Savings and Loan Association, Defendants.**

Nos. 82–0614, 82–0619.

United States Bankruptcy Court, D. Idaho.

Dec. 2, 1982.

James S. Underwood, Jr., Underwood & Petersen, Boise, Idaho, for plaintiff.

T.N. Ambrose, Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, Idaho, for defendants Charles G. Diehl and Vera D. Diehl.

Claire L. Dwyer, Collins, Manly & Williams, Boise, Idaho, for defendants John H. Bertram and Phyllis A. Bertram.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

These adversary proceedings are currently before the court upon the agreement of the parties at pretrial conference. In each matter, a threshold issue is raised: whether the plaintiff trustee is barred from asserting the action due to the operation of 11 U.S.C. § 546(a)(1). This issue is submitted for determination prior to any further action in the adversary proceedings.

The parties have agreed that all relevant facts are contained in the proceeding file of *In the Matter of Killian Construction Co., Inc.*, No. 80–00800, and this court may take judicial notice of the documents therein. The relevant facts, as established thereby, are as follows.

An involuntary petition for relief under chapter 7 of the Code was filed on May 22, 1980. The debtor consented to the relief sought by the petitioning creditors and an order for relief was entered June 3, 1980. An order was entered by the court appointing an interim trustee, Gordon Nielson, on June 5, 1980. The meeting of creditors under 11 U.S.C. § 341(a) was held on August 20, 1980 and, no trustee being elected

at that meeting, the interim trustee became "the trustee" by operation of 11 U.S.C. § 702(d). In April, 1982, trustee Nielson resigned and was replaced by Claude Mixon. In July, 1982, this successor trustee resigned and was replaced by plaintiff, L.D. Fitzgerald. On August 20, 1982, plaintiff filed the instant adversary actions seeking to avoid certain transfers as preferences under 11 U.S.C. § 547 or fraudulent transfers under 11 U.S.C. § 548.

The Bankruptcy Code limits the time within which a trustee may assert such causes of action in § 546(a):

"An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and
(2) the time the case is closed or dismissed."

Simply put, the issue is whether the language of § 546(a)(1) bars the instant actions where they were commenced two years from the date of the § 341(a) meeting at which the interim trustee became trustee under § 702(d) but not within two years of the appointment of the interim trustee.

An apparent conflict exists within the limitation section. While § 546(a)(1) speaks of "appointment of a trustee under section 702", there is no language of appointment in that section, (though there is in the other sections mentioned, §§ 1104, 1163 and 1302).

Defendants Diehl assert that the inclusion by Congress of the word "appointment" must be given recognition and effect by holding that the § 546(a)(1) bar runs from the time an interim chapter 7 trustee is appointed under § 701. Defendants Bertram echo this position and also note that § 701(c) provides "[a]n interim trustee serving under this section is a trustee in a case under this title." Thus, defendants argue, the interim trustee has the powers and duties of the trustee upon his appointment and Congress, by using that term, must have intended that the two year limitation would commence to run therefrom.

However, as plaintiff points out, Congress also made specific reference to § 702, which section contains no language of "appointment". I conclude that the incorporation by reference of the provisions of § 702 must be given more weight, in attempting to glean what Congress intended, than its use of the term "appointment". While it is conceivable that the use of the term "appointment" might be mistaken, or used since applicable to three of the four cited sections, I cannot reasonably infer that Congress specifically cited "§ 702" in § 546(a) without cause. I find further support for this conclusion in the general operation of §§ 701 and 702.

An interim trustee appointed under § 701, in spite of the language of § 701(c), does not operate as a "permanent" trustee would in a case under Title 11. The service of an interim trustee, appointed immediately upon the filing of a petition for relief, is limited in duration under § 701(b) since it terminates upon the election or designation of a qualified trustee under § 702. The appointment of the interim trustee "is designed to protect the assets of the estate and insure continuity of administration of the estate before the qualification of the regularly elected or designated trustee." 4 Collier on Bankruptcy (15th ed.) ¶ 701.01. See also ¶ 701.04. The appointment can be compared to the appointment of an interim trustee under § 303(g) following an involuntary petition but prior to the entry of the order for relief for the purpose of taking possession of property of the estate or operating any business if necessary to preserve the property of the estate or to prevent loss to the estate.

An interim trustee will generally take little affirmative action until after the § 341(a) meeting of creditors and the election or designation of a permanent trustee except for those situations where perishable property needs to be sold or action taken to preserve assets of the estate. While it is true that in most cases the interim trustee becomes the trustee by operation of § 702(d), the interim trustee has no guarantee of such action, and is faced with the

clearly presented possibility of replacement by an elected trustee.

In light of the role of the interim trustee, and the express reference to § 702 in the limitation provision of § 546(a)(1), I conclude that Congress intends that a permanent qualified trustee elected or designated under § 702 have two years from that time within which to bring action under his avoiding powers unless the case be earlier closed or dismissed.

In this case, the § 341(a) meeting, and the designation of the trustee under § 702(d), occurred on August 20, 1980, plaintiff filed the present actions on August 20, 1982, and I find neither action barred under § 546(a) of the Code. Pursuant to the pretrial orders entered in these cases, the matter of *Fitzgerald v. Bertram* will be set for trial on the remaining factual issues and the matter of *Fitzgerald v. Diehl, et al,* will be tried as scheduled.

IT IS SO ORDERED.