**In re MODERN MIX, INC., Debtor.**

**Douglas TAYLOR as Trustee for Modern Mix, Inc., Plaintiff,**

v.

**BIRMINGHAM TRUST NATIONAL BANK, Defendant.**

**Bankruptcy No. 80–00749.
Adv. No. 82–0707.**

United States Bankruptcy Court, S.D. Alabama.

Aug. 26, 1983.

Gary A. Hudgins, Mobile, Ala., for trustee.

Edwin Glenn Waldrop, Jr., Birmingham, Ala., for BTNB.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

WILL G. CAFFEY, Jr., Bankruptcy Judge.

It is the opinion of this Court that although the subject matter of this hearing is a related proceeding of this bankruptcy case, the Order on these Motions is not a judgment or dispositive order and, therefore, this Order is entered under the provisions of paragraphs (d)(1) and (d)(2) of the Rule of the United States District Court for the Southern District of Alabama entitled "Continued Administration of Bankruptcy System", adopted December 24, 1982.

At Mobile in said District on the 26th day of August, 1983:

This matter having come on for hearing upon the Motion of Birmingham Trust National Bank (BTNB) for Summary Judgment; due notice of hearing having been given; and upon the Motion of Douglas Taylor, Trustee, for leave to amend his Complaint; and Gary A. Hudgins having appeared as attorney for the Trustee; and

Glenn Waldrop, Jr. having appeared as attorney for BTNB; and arguments having been presented;

Now, therefore, the Court finds, concludes and orders as follows:

The Second Amendment proffered to the Complaint is not dispositive of the Motion under consideration, will not delay the trial of the matter and was fully argued by the parties at the hearing. It presents relevant matters and is due to be allowed under Bankruptcy Rule 715 (FRCP 15).

The Motion of BTNB for Summary Judgment is essentially a motion to dismiss the Complaint of the Trustee on several grounds, as set forth in the pleadings. The Court will address each of the grounds separately:

1. *As to Want of Subject Matter Jurisdiction:*

■ The proceeding involves a determination of whether or not a preferential transfer has occurred within the statutory provisions of Section 547(b) of the Bankruptcy Code. It is, therefore, a basic bankruptcy matter within the jurisdiction of this Court under the grant of jurisdiction contained in the Rule of the United States District Court for the Southern District of Alabama entitled "Continued Administration of Bankruptcy System", adopted December 24, 1982.

2. *As to fact that the action is in the nature of a plenary proceeding which can only be brought in a Court of general jurisdiction:*

■ Under the provisions of the Rule referred to above, this Court is required to conduct the hearing of "related proceedings", such as this, and to submit findings, conclusions, and a proposed judgment or dispositive order to a District Judge, who will conduct a de novo review. Thus, the matter is actually determined by a Court of general jurisdiction, presided over by an Article III Judge. Therefore, this ground is without basis.

3. *Res Judicata and Collateral Estoppel:*

■ BTNB contends, in this regard, that contractually it was in privity with the First National Bank of Baldwin County, which heretofore filed an adversary proceeding herein (Adversary No. 81–0416) wherein it recovered a judgment against the Trustee for the debtor's accounts receivable, inventory and the proceeds thereof.

That proceeding involved a determination of the validity and enforceability as against the Trustee of security agreements entered into by and between the debtor and BTNB, which were transferred and assigned to the First National Bank of Baldwin County under a participation agreement between the two Banks. The prior action did not involve the issue of preferential transfers to BTNB under Section 547(b) of the Bankruptcy Code which allegedly occurred prior to the assignment of the notes and security agreements to the First National Bank of Baldwin County.

The legal and factual issues in the two actions are not the same; and this action is not barred by res judicata nor collateral estoppel.

See: *Anderson, Clayton & Co. v. United States* 562 F.2d 972 (992) (5 Cir., 1977)

4. *Improper Venue:*

■ There is no basis for this contention. The bankruptcy case of Modern Mix, Inc. is properly pending in this district.

28 U.S.C. § 1472

This being a proceeding arising in or related to a case under Title II is properly commenced in the bankruptcy court in which the bankruptcy case is pending, the claim exceeding $1,000.00.

28 U.S.C. § 1473

5. *Statute of Limitations:*

■ BTNB contends that the application of Section 546(a) of the Bankruptcy Code bars this action by the Trustee.

That section provides that an action or proceeding under Section 547 of the Bankruptcy Code may not be commenced after the earlier of:

"(1) two years after the appointment of a trustee under Section 702, 1104, 1163, or 1300 of this title; and

(2) the time the case is closed or dismissed."

The voluntary petition of Modern Mix, Inc. was filed herein on September 16, 1980 and the Order for relief entered. The case is still pending, and has not been closed or dismissed.

Douglas Taylor was appointed interim trustee on September 22, 1980 in accordance with Section 701(a) of the Bankruptcy Code. Under Section 701(b) the service of an Interim Trustee terminates when a Trustee elected or designated under Section 702 of the Bankruptcy Code qualifies. Under Section 702(d) if a trustee is not elected under sub-section (c), the interim trustee serves as trustee in the case. Here, no trustee was elected at the meeting of creditors held on October 20, 1980, and thereupon, Douglas Taylor became the trustee in the case. He filed this Adversary Proceeding under Section 547 of the Bankruptcy Code on October 20, 1982.

The identical factual situation was presented in the case of *In re Killian Construction Co., Inc.,* 24 B.R. 848, 9 B.C.D. 1171 (D.Idaho—Bkrtcy.1982) wherein it was held that the statutory limitation of Section 546(a) began to run from the Section 341(a) meeting rather than from the date the interim trustee was appointed. This Court is of the opinion that Bankruptcy Judge M.S. Young correctly interpreted the law; and, therefore, for the reasons set out in that case, holds that the action before this Court is not barred by the statute of limitations set out in Section 546(a) of the Bankruptcy Code.

6. *Fails to State a Claim upon which Relief can be granted:*

█ There is no basis for this contention as the amended complaint clearly states a cause of action for a preferential transfer.

Numerous issues of fact are presented by the pleadings and not resolved by the documents and affidavits on file. It appears to the Court that a pre-trial conference is advisable and it will be set by separate order.

## ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Motion of Birmingham Trust National Bank for Summary Judgment be, and it hereby is, DENIED; and it is further

ORDERED that the Trustee's Motion for Leave to Allow Amendment be, and it hereby is, GRANTED.