**In re BLACK & GEDDES, INC., Debtor.**

**Chester B. SALOMON, as Trustee of the Estate of Black & Geddes, Inc., Debtor, Plaintiff,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Defendant.**

**Bankruptcy No. 81 B 10399 (PBA). Adv. No. 83–5708–A.**

United States Bankruptcy Court, S.D. New York.

Dec. 5, 1983.

828

Chester B. Salomon, P.C., New York City, for trustee; Alec P. Ostrow, New York City, of counsel.

Oliner & Oliner, New York City, for defendant; Jacob Oliner, New York City, of counsel.

## DECISION ON STATUTE OF LIMITATIONS

PRUDENCE B. ABRAM, Bankruptcy Judge.

This is one of thirty-six adversary proceedings commenced on June 29, 1983 by Chester Salomon in his capacity as Trustee to recover alleged preferences under Bankruptcy Code § 547, 11 U.S.C. § 547. Black & Geddes, Inc. filed a petition for reorganization under Chapter 11 on February 23, 1981 and the debtor remained as debtor in possession. On May 27, 1981, the case was converted to a Chapter 7 liquidation and Mr. Salomon was appointed interim trustee on that date by the United States Trustee pursuant to 11 U.S.C. § 15701. On June 29, 1981 the first meeting of creditors in the converted case was held and this action was commenced on the second anniversary of that meeting. The creditors did not exercise their right to vote for a trustee and therefore Mr. Salomon, the interim trustee, became the so-called permanent trustee pursuant to Bankruptcy Code § 702(d) which provides that if a trustee is not elected "then the interim trustee shall serve as trustee in the case".

The defendant in this and a number of the other actions have raised by motion that the action was not timely commenced within the period provided by Bankruptcy Code § 546, 11 U.S.C. § 546. The relevant portion of that section provides as follows:

"An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title * * *."

■ The defendant urges that as Mr. Salomon was appointed the interim trustee on May 27, 1981, a date admittedly more than two years before the action was commenced, the action is not timely.[1] The trustee responds that his appointment as interim trustee was pursuant to Code § 15701, 11 U.S.C. § 15701,[2] which is not one of the sections enumerated in Code § 546 quoted above, and that the two-year period dates from the time he became the permanent trustee pursuant to Code § 702. The defendant urges that an ambiguity exists as a result of the use of the word "appointment" in Code § 546 since that term is nowhere to be found in Code § 702. Therefore, the argument goes, since Mr. Salomon was first *appointed* on May 27, 1981 that must be the controlling date, notwithstanding the absence of any reference to Code § 701 in Code § 546.

■ The court rejects this argument and finds that the action was timely commenced, thus following the only reported decision on the question, *In re Killian Construction Co., Inc.,* 24 B.R. 848 (Bkrtcy.D. Idaho 1982). The general rules of statutory construction include that the express takes precedence over the general and that all parts are to be construed with the object of making sense of the whole. The express

---

1. It has been suggested that the action was commenced one day late even if the two-year period begins with the trustee's selection. This argument ignores the plain language of former Bankruptcy Rule 906(a), incorporating Federal Rule of Civil Procedure 6(a), that the day from which the designated period runs is not counted. Thus the action would be timely since it was commenced on the second anniversary date. *See e.g., Evans v. Hawker-Siddeley Aviation, Ltd.,* 482 F.Supp. 547 (S.D.N.Y.1979). Compare *In re Killian Construction Co., Inc.,* 24 B.R. 848 (Bkrtcy.D.Idaho 1982) (Action as-

sumed without discussion to be timely when filed on second anniversary date.)

2. The Southern District of New York is a pilot district and the U.S. Trustee makes the appointment of trustees, rather than the court. Thus technically Bankruptcy Code §§ 701 and 702 are inapplicable and 11 U.S.C. §§ 15701 and 15703 apply. For ease of reference, reference will hereafter be made to Code §§ 701 and 702, with the reader understanding that the reference also includes 11 U.S.C. §§ 15701 and 15703.

reference to Bankruptcy Code § 702 in Code § 546 thus takes preference over, or clarifies, the more general word "appointment". A comparison of the language of Code § 546 with Code § 322 is instructive. Section 322, which provides for the qualification of a trustee, provides in subsection (a) that "a person selected under section *701, 702, 703,* 1104, 1163, or 1302 of this title to serve as trustee qualifies if * * *." (Emphasis added). Thus, there are six separate sections pursuant to which a trustee may be selected. Code § 546 deletes reference to two of the six sections: Section 701, which provides for the appointment of an interim trustee, and Section 703, which provides for the selection of a successor trustee. These omissions must be viewed as deliberate indications of legislative intent.

Nor does the dictionary definition of "appointment" assist the defendant's argument. The Random House Dictionary of the English Language (1973) defines appointment as

"the act of appointing, designating, or placing in office."

Webster's New International Dictionary (2nd Ed.) provides the following definitions of appointment:

"Act of appointing."

"Designation, by virtue of a power of appointment, of the person to enjoy an estate or other specific property subject to the power."

"Designation of a person to hold an office or discharge a trust."

In short, the term appointment is a broad term. Bankruptcy Code § 701 speaks in subsection (a) of the "appointment" of an interim trustee and in subsection (b) provides "the service of an interim trustee under this section terminates when a [permanent] trustee is *elected* or *designated* under section 702 of this title to serve as trustee in the case qualifies under section 322 of this title." (emphasis supplied). The term appointment amply encompasses the processes of election and designation provided in Code § 702 for the selection of a permanent trustee. In fact, the word appointment seems to have been deliberately

chosen to make clear that the two-year period begins to run on the date when the trustee is selected, not on the later date when he qualifies.

That it is the appointment of the permanent trustee that is the operative date is reasonable in light of the caretaker nature of the interim trustee's position. The interim trustee is to preserve the estate until a trustee can be selected. This interim role is not intended to require the detailed array of professional assistance and investigation that a trustee's position requires. Likewise, the omission in Code § 546 of reference to Code § 703, the other omitted section, is reasonable as there is no good reason for a successor trustee's appointment to further extend the statute of limitations.

The fortuity that in this Chapter 7 case the Code § 701 interim trustee is the same person as the Code § 702 permanent trustee should make no difference in the construction of Bankruptcy Code § 546. *In re Burstein-Applebee Co.,* 30 B.R. 779 (Bkrtcy.W. D.Mo.1983) is inapposite because it is a Chapter 11 case in which the court found that the "interim" trustee had actually been appointed pursuant to Code § 1104, one of the sections enumerated in Code § 546.

It is the Bankruptcy Code itself that creates both the cause of action for recovery of preferences in Code § 547 and its statute of limitations. Thus there is no reason to bring into the statutory construction process alleged policy arguments favoring repose. Those arguments might be better reserved for Code § 108 which extends unexpired state statutes of limitations.

The motion is denied.

SO ORDERED.