### In re SIN–KO INC. Debtor.

### Thomas R. MICHALSKI, Trustee Plaintiff,

v.

### Geraldine SINGER, et al. Defendants.

### Bankruptcy No. 82–01390.
### Adv. No. 84–0302.

United States Bankruptcy Court, N.D. Ohio, W.D.

April 9, 1985.

Thomas R. Michalski, Toledo, Ohio, Trustee/Plaintiff.

Lawrence Gibson, Toledo, Ohio, for trustee.

Truman A. Greenwood, Toledo, Ohio, for defendant, Schenley Affiliated Brands, Corp.

Douglas W. Wright, Howard B. Hershman, Toledo, Ohio, for The Huntington Nat. Bank.

Joseph Goldberg, Toledo, Ohio, for City of Toledo.

Marvin K. Jacobs, Toledo, Ohio, for Geraldine Singer.

George H. Calloway, Asst. Atty. Gen., State of Ohio, Columbus, Ohio.

Larry W. Whiteleather, Toledo, Ohio, for Radel & Co.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, Ohio.

Robert W. Kern, Trial Atty., Tax Div., Department of Justice, Washington, D.C.

Richard L. Millward, Toledo, Ohio, for Frank D. Myrice and Robert L. Weaver.

Stewart H. Aron, Toledo, Ohio, for Julius Wile Sons & Co., Inc.

Harold Scheer, Toledo, Ohio, for Cara Vincola Boccaccio Di Barsottini and Fedeli.

Robert W. Rowley, Toledo, Ohio, for Wine World, Inc.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court on the motions of the defendants, Geraldine Singer, Marvin K. Jacobs and Wine World, Inc. to dismiss the trustee's complaint to avoid preferential transfers on the grounds that it is time barred by 11 U.S.C. § 546(a)'s two year limit, and upon the trustee's brief in opposition thereto. The court finds the trustee brought the action within two years of his designation as the permanent trustee and therefore the defendants' motions to dismiss should be denied.

The sole issue to be determined by this Court is whether the statute of limitations of § 546(a) begins to run when the interim trustee is appointed or when the permanent trustee is selected. The debtor's petition in bankruptcy was filed on November 26, 1982 and Thomas R. Michalski was appointed interim trustee on that date. On November 30, 1982 the interim trustee filed an application to act as his own attorney, which was granted on December 1, 1982. At the first meeting of creditors on December 8, 1982 Mr. Michalski was made the permanent trustee in accordance with § 702(d). On December 5, 1984 the trustee filed an adversary complaint to recover preferential transfers. The defendants argue that the statute of limitations under 11 U.S.C. § 546 should be calculated beginning with the date the interim trustee was appointed, which would bar the preference claim, while the trustee argues the time bar did not begin until December 8, 1982 when he was made the permanent trustee.

In support of their position the defendants contend that since the interim trustee filed a bond, applied to act as his own attorney and used the title trustee that he was the trustee. The court finds that it does not matter what actions the interim trustee takes nor does it matter whether the interim trustee remembers to insert the word interim before his title. It is the date of permanent appointment that begins the statute of limitations relative to the trustee's avoiding powers.

Section 546 of the Bankruptcy Code provides:

(a) An action or proceeding under sections 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under sections 702, 1104, 1163, or 1302 of this title; and

(2) the time the case is closed or dismissed.

The defendants note that § 546(a)(1) refers to the appointment of the trustee and that only interim trustee's are appointed pursuant to § 701. However, the trustee asserts that § 546(a) cites § 702 and while that section does not contain the term appointment, the fact that congress included that reference indicates its intent.

In *Fitzgerald v. Bertram (In re Killian)*, 24 B.R. 848 (Bankr.D.Idaho 1982) the court dealt with the same issue as is presented in this case. The court in *Killian* found that because the general actions of interim trustees and permanent trustees are different and due to congress' specific inclusion of § 702 that the time bar begins to run from the date of the § 341(a) meeting when the interim trustee becomes permanent trustee under § 702. Specifically the court noted an interim trustee is a position of limited duration, that the interim trustee merely protects the assets until the permanent trustee is designated, and that except for emergencies it is likely that an interim trustee "will generally take little affirmative action until after the § 341(a) meeting of creditors and the election or designation of a permanent trustee." The court did not ignore the fact that "in most cases the interim trustee becomes the trustee by operation of § 702(d)" but it also noted that such a result is not guaranteed.

This Court believes the reasoning in *Killian* is sound and it follows that decision finding that the time limitation of § 546(a) begins when the permanent trustee is selected at the § 341(a) meeting of creditors.

In light of the foregoing, it is hereby,

ORDERED that the motions of the defendants, Geraldine Singer, Marvin K. Ja-

cobs and Wine World, Inc., to dismiss plaintiff's complaint be, and they hereby are, denied. It is further,

ORDERED that said defendants are hereby granted leave until April 30, 1985 to file an answer to plaintiff's complaint. It is further,

ORDERED that June 10, 1985 is fixed as the last day for completion of discovery. It is further,

ORDERED that Plaintiff/Trustee shall file his trial brief on or before June 24, 1985; all defendants herein shall respond thereto on or before July 8, 1985. It is further,

ORDERED that plaintiff's complaint shall come on for further pre-trial conference on Wednesday, July 17, 1985, at 10:00 o'clock A.M., Courtroom No. 1, Room 103, United States Court House, 1716 Spielbusch Avenue, Toledo, Ohio, at which time a trial date will be fixed.