**In re OUTLET DEPARTMENT STORES, INC. d/b/a The Edward Malley Company, Debtor.**

**Miriam TEITELBAUM, Trustee in Bankruptcy of Outlet Department Stores, Inc. d/b/a the Edward Malley Company, Plaintiff,**

**v.**

**EQUITABLE HANDBAG CO., Defendant.**

**Bankruptcy No. 82 B 10153 (TLB). Adv. No. 85–5434A.**

United States Bankruptcy Court, S.D. New York.

May 28, 1985.

Jules Teitelbaum, P.C., New York City, for Trustee; Gary Ginsburg, New York City, of counsel; Solomon Jaskiel, New York City, on brief.

Silk & Slonim, P.C., New York City, for movant; Howard Slonim, New York City, of counsel.

Cornelius Blackshear, U.S. Trustee, S.D. N.Y.; Harold Jones, New York City, of counsel.

## OPINION & ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TINA L. BROZMAN, Bankruptcy Judge.

This is one of several hundred adversary proceedings commenced by Miriam Teitelbaum in her capacity as trustee in bankruptcy of Outlet Department Stores ("Outlet") to recover alleged preferences under § 547 of the Bankruptcy Code, 11 U.S.C. § 547. Defendant Equitable Handbag Co., Inc. ("Equitable") moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P.") made applicable by Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7012 to dismiss the action as time-barred. Alternatively, Equitable seeks dismissal under F.R.C.P. 12(b)(5) on the grounds that personal jurisdiction was never obtained because of insufficiency of service of process. The parties having presented affidavits and other materials dehors the pleading, as mandated by F.R.C.P. 12(b) the motion is treated as one for summary judgment under F.R.C.P. 56.[1]

On January 25, 1982, Outlet filed with this Court its petition for reorganization pursuant to Chapter 11 and remained as debtor in possession. Approximately one year later, on January 31, 1983, Outlet consented to a conversion of its Chapter 11 case to one under Chapter 7. On the same day Miriam Teitelbaum was appointed interim trustee by the United States Trustee pursuant to 11 U.S.C. § 15701. On February 1, 1983, Ms. Teitelbaum accepted her appointment as interim trustee and filed her bond. On February 25, 1983, the first meeting of creditors pursuant 11 U.S.C. § 341 was held. The creditors did not exercise their right to elect a trustee; consequently, Ms. Teitelbaum became the so-called "permanent" trustee on that date pursuant to 11 U.S.C. § 702(d), which provides that if no trustee is elected "then the interim trustee shall serve as trustee in the case."

On February 22, 1985, less than two years after the first meeting of creditors but more than two years after Ms. Teitelbaum's appointment as interim trustee, her counsel filed with the clerk of the Bankruptcy Court a complaint seeking recovery of $5,972.04 from Equitable.[2] Service was effected on March 1, 1985 by the mailing of a copy of the summons and complaint to the defendant addressed as follows:

> Equitable Bag Company
> 217 Somerset Street
> New Brunswick, New Jersey 08901

ATTENTION PRESIDENT OR OTHER OFFICERS

### Discussion

In ruling upon a motion for summary judgment, the task before the court is not to resolve factual issues but to determine if there exist genuine issues of material fact. In the absence of such issues, the court is to order summary judgment if the movant is, as a matter of law, entitled to same. F.R.C.P. 56(c); *Nahtel Corporation v. West Virginia Pulp & Paper Co.*, 141 F.2d 1, 2 (2d Cir.1944); *see Chappell & Co. v. Frankel*, 367 F.2d 197, 204 (2d Cir.1966) (en banc). The movant carries the burden of demonstrating the absence of genuinely disputed material facts. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Whereas Equitable has met that burden, it has failed to con-

1. The United States Trustee, because of the policy which he believed to be at issue with respect to the statute of limitations, appeared in opposition to the motion insofar as it claimed the trustee's action to be time-barred.

2. At the hearing on the motion, Equitable contended that the trustee had failed to prove that she had commenced the action on February 22, 1985. The trustee thereupon and without objection by Equitable requested the Court to take judicial notice of its records pursuant to Rule 201 of the Federal Rules of Evidence. Use of the judicial notice doctrine is entirely appropriate on a motion for summary judgment. *Nahtel Corp. v. West Virginia Pulp & Paper Co., supra,* 141 F.2d 1, 2 n. 2 (2d Cir.1944); 6 J. Moore, *Moore's Federal Practice* ¶ 56.11[a] (2d ed. 1985). So, too, may it be employed in the bankruptcy context on request of a party. *See Bartl v. Twardy (In re Claxton)*, 32 B.R. 224, 234–35 (Bankr.E.D.Va.1983). The Court's docket reveals that the action was indeed commenced on the date alleged by Ms. Teitelbaum.

vince this Court that judgment in Equitable's favor is warranted.

## I.

The statute pertinent to the first prong of the motion, the alleged untimeliness of the action, is section 546 of the Code, 11 U.S.C. § 546, which provides in pertinent part:

An action or proceeding under section ... 547 ... of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; * * *

■ Equitable urges that section 546 is ambiguous in its use of the word "appointment." Although, the argument runs, the section makes no reference to the appointment of an interim trustee under section 701, Congress must have intended to embrace that section because of its use of the word "appointment," since a trustee under section 702 is not "appointed." Precisely the same argument was advanced before and rejected by Bankruptcy Judge Abram in this district. She held in *Salomon v. Pan American World Airways, Inc. (In re Black & Geddes, Inc.)*, 35 B.R. 827 (Bankr. S.D.N.Y.1983) that the two year preference statute of limitations begins to run on the date of the trustee's designation as permanent trustee, not on the date of his appointment as interim trustee. Judge Abram reasoned that the broad term "appointment" amply encompasses the concepts of both election and designation; inasmuch as Congress knew how in section 322 to include an interim trustee by referring to section 701, the omission of section 701 from section 546 must be viewed as deliberate indications of legislative intent.

Equitable argues that Judge Abram erred. It contends, without citation to authority, that Congress did not by its inclusion in the Bankruptcy Code of a separate statute of limitations for avoiding actions intend to extend the two year general stat-

ute of limitations of section 11 e of the former Bankruptcy Act which had been held applicable to preference actions in *Herget v. Central National Bank*, 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656 (1945).

The former statutory scheme was somewhat different from the present. Under the old Act, there was no provision for the appointment of an interim trustee. The functions of an interim trustee were often insured by the appointment pursuant to Rule 201 of the then applicable Federal Rules of Bankruptcy Procedure of a receiver either prior or subsequent to the bankrupt's "adjudication". The receiver remained in place until the trustee qualified. The statute of limitations contained in section 11 e was cast in terms of "adjudication" of the bankrupt rather than "appointment" of the trustee. That section provided, in pertinent part:

A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy.

A bankruptcy trustee, regardless of when appointed, had two years after adjudication in which to commence an action. In distinction, the Bankruptcy Code's statute of limitations is specifically keyed to the date of the appointment of the debtor's trustee. This is such a clear change in focus that this Court cannot infer, absent some contrary indications of legislative intent, that Congress meant in Section 546 to continue the prior law. Rather, this Court concludes that Judge Abram's interpretation of the statute is correct. The only other reported decisions are in accord. *See In re Killian Construction Co., Inc.*, 24 B.R. 848 (Bankr.D.Idaho 1982); *In re Modern Mix, Inc.*, 33 B.R. 543 (Bankr.S.D.Ala. 1983).[3]

---

**3.** Equitable also argues that, regardless of whether § 546 should be determined to be declarative of prior law, Ms. Teitelbaum should be

estopped from claiming that she was "appointed" for purposes of § 546 on the date that the creditors failed to elect a permanent trustee

## II.

Equitable, perhaps perceiving that its argument with respect to the statute of limitations runs counter to the weight of reported authority, urges this Court if it finds the action timely to dismiss Ms. Teitelbaum's action on the alternate grounds that no personal jurisdiction was ever obtained over Equitable because of insufficiency of service of process.

Service of a summons and complaint commencing an adversary proceeding is governed by F.R.B.P. 7004. Although service is permitted in accordance with certain of the provisions of F.R.C.P. 4, alternate provision is made in the bankruptcy rule for service by first class mail. It is that alternate form of service of which the Trustee sought to avail herself.

F.R.B.P. 7004(b)(3) states that service by first class mail postage prepaid may be made

> [u]pon a domestic or foreign corporation ... by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Here, Ms. Teitelbaum's service, directed to the attention of the "PRESIDENT OR OTHER OFFICERS," was seemingly fully in keeping with the language of F.R.B.P. 7004(b)(3). But Equitable argues that the street address to which the summons and complaint were mailed is Equitable's factory location and that the only two officers of Equitable have their offices in Equitable's showroom at 10 West 33rd Street in New York City.

Whereas in its motion papers Equitable argues that it is entitled as a matter of law to the dismissal of the complaint because of lack of personal jurisdiction, at the hearing before the Court Equitable suggested that there exists a factual issue such that the matter should be preserved for an evidentiary hearing or for trial. In response, the Trustee requested the Court to take judicial notice of Equitable's proof of claim filed with this Court on March 31, 1982. This Court has done so.[4] The inescapable conclusion is that no genuine factual issue exists.

That proof of claim on its face lists Equitable's address as the New Jersey address at which service was made. Behind the proof of claim is attached a document entitled "Statement". The letterhead reflects Equitable's address as follows:

EQUITABLE HAND BAG CO., INC.
MANUFACTURERS OF LADIES' HANDBAGS
217 SOMERSET STREET
NEW BRUNSWICK, N.J.

In much smaller type in the upper right hand corner the letterhead says:

NEW YORK SALES OFFICE
10 WEST 33RD STREET
CHICKERING 4-3337-8-9

---

rather than on the earlier date of her appointment as interim trustee. This estoppel is said to be warranted because (i) her attorneys in an application for an interim allowance described their status as attorneys for the "trustee" during a period which spanned both the interim and permanent trusteeships; and (ii) the clerk of the court after Ms. Teitelbaum's succession as permanent trustee described an order as granting relief to the interim trustee. As to the first argument, the lawyers' inartful drafting hardly rises to the level of an estoppel.

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases ... [T]he party claiming the estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse." *Heckler v. Community Health Servs.*, —— U.S. ——, 104 Sup.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984). As to the second argument, the disputed docket entry indicates that the order was entered *nunc pro tunc* to a date when she was, in fact, the interim trustee.

Similarly devoid of any merit whatsoever is the argument that she should be estopped because no order was entered proclaiming her enhanced status; inasmuch as the change was occasioned by operation of law, no order was required.

**4.** *See* note 2, *supra.*

So long as a defendant has had service "reasonably calculated to give him actual notice of the proceedings," the requirements of due process are satisfied. *Hackner v. Guaranty Trust Co.*, 117 F.2d 95, 98 (2d Cir.1941), quoting *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). In determining whether there is any defect in the service of process, the standards for service on individuals and corporations are to be liberally construed to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice. *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir.1972). But there must be compliance with the terms of the rule and, absent waiver, incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained. *Id.*

It is not necessary for the Court in this case to stretch to find proper service. The summons and complaint were actually received by Equitable at the very address which was set forth in its proof of claim and the statement of account annexed thereto. Surely there was "notice reasonably calculated" to give Equitable actual notice of the proceedings. Given that Equitable in its proof of claim provided this address to the trustee, it cannot now claim that service of process at that address was either defective or violative of Equitable's rights.[5] Accordingly, this Court has obtained personal jurisdiction over Equitable.

## CONCLUSION

Thus, the Court concludes that while the matter is ripe for summary consideration on the defenses alleged because there are no disputed issues of material fact, the movant has no legal entitlement to judgment.

IT IS SO ORDERED.

5. At the hearing on the motion, the Trustee proffered to the Court certain correspondence which, it was argued, would have further buttressed the conclusion that service was proper. Since the correspondence tendered, albeit without objection, was not annexed to any affidavit or contained in the record before this Court, the Court has not considered it in ruling on Equitable's motion.