**In re James Hoyt YOUNG, Debtor.**

**Roger W. MOISTER, Trustee for the Estate of James Hoyt Young, Plaintiff,**

v.

**Camilla Hoyt YOUNG, Defendant.**

**Bankruptcy No. 86–01895–SWC.**
**Adv. No. 88–0095A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 14, 1988.

Roger W. Moister, Jr., Atlanta, Ga., for plaintiff.

**680**

John Ed Smith, III, Jay, Sherrell & Smith, Fitzgerald, Ga., for defendant.

ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is defendant's motion to dismiss this fraudulent transfer and preference complaint on the basis that the doctrine of laches bars plaintiff from proceeding against defendant. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(F) and (H).

The period for commencing fraudulent transfer and preference actions is governed by the time limits imposed by 11 U.S.C. Section 546(a), which provides that an action under Sections 547 and 548 may not be commenced after the earlier of (1) two years after the appointment of a trustee under Section 702, or (2) the time the case is closed or dismissed.[1]

■ The court must first determine the date of the "appointment of a trustee under Section 702." Section 702 deals with the selection of a permanent trustee. To better understand the manner in which this section operates, reference must be made to Section 701. The Bankruptcy Code provides in Section 701 that, after the order for relief under Chapter 7, the United States Trustee shall appoint a member of the panel of trustees to serve as interim trustee in the case. The service of the interim trustee terminates when a trustee is elected or designated pursuant to Section 702 and qualifies to serve under Section 322. 11 U.S.C. Section 701(b). Provision is made in Section 702 for eligible creditors to elect a permanent case trustee at the Section 341 meeting of creditors. If a trustee is not elected, then the interim trustee becomes the trustee pursuant to Section 702(d).

In determining the date of the "appointment of a trustee under Section 702", the court notes that Section 702 does not specifically contain "appointment" language. Section 701, unlike Section 702, does speak

of the "appointment" of an interim trustee. In *Michalski v. Singer (In re Sin–Ko Inc.)*, 48 B.R. 180 (Bankr.N.D.Ohio 1985); *Salomon v. Pan American World Airways, Inc. (In re Black & Geddes, Inc.)*, 35 B.R. 827 (Bankr.S.D.N.Y.1983); *Taylor v. Birmingham Trust National Bank (In re Modern Mix, Inc.)*, 33 B.R. 543 (Bankr.S.D. Ala.1983); and *Fitzgerald v. Bertram (In re Killian Construction Co.)*, 24 B.R. 848 (Bankr.D.Idaho 1982), the defendants attempted to argue that the "appointment of a trustee under Section 702" referred to in Section 546(a) deals with the appointment of an interim trustee under Section 701. However, the court in those cases disagreed and held that the time limitation under Section 546(a)(1) commences running upon the election or designation of a permanent trustee under Section 702. *In re Sin–Ko Inc.*, 48 B.R. at 181; *In re Black & Geddes, Inc.*, 35 B.R. at 828–29; *In re Modern Mix, Inc.*, 33 B.R. at 545–46; *In re Killian Construction Co.*, 24 B.R. at 849–50. *See also* 4 *Collier on Bankruptcy*, paragraph 546.02, pages 546–7 to 546–10 (15th ed. 1988); 11 U.S.C. Section 701(b). This court is in accord with that conclusion.

First, Section 546(a)(1) specifically refers to appointment under Section 702 (permanent trustee) and *not* to appointment under Section 701 (interim trustee). Next, although Section 702 does not specifically use the term "appointment", as held in *In re Black & Geddes, Inc.*, 35 B.R. at 829, the term appointment is broad and "amply encompasses the processes of election and designation" of a permanent trustee as provided in Section 702. In fact, as that court pointed out, Webster's New International Dictionary (2nd ed.) and Random House Dictionary of the English Language (1973) define "appointment" to include "designation." *In re Black & Geddes, Inc.*, 35 B.R. at 829. Section 701(b) speaks of election of a trustee or, if the eligible creditors fail to elect, *designation* under Section 702. *See also* 11 U.S.C. Section 702(d).

Finally, the restricted role of the interim trustee under Section 701 lends further

---

1. Because this Chapter 7 case has not been closed or dismissed, the earlier and thus applicable time period herein is two years after the appointment of a trustee under Section 702.

support to the court's conclusion that the time limitation elaborated in Section 546(a)(1) commences running upon the election or designation of a permanent trustee under Section 702. The service of the interim trustee under Section 701 is limited and terminates when the elected or designated permanent trustee qualifies to serve under Section 322.[2] Since the panel trustees in this district serve under blanket bonds, the qualification is automatic upon election or designation.

The court thus concludes that it is the trustee's appointment by election or designation under Section 702 which triggers the running of the Section 546(a)(1) limitation period. *See* 11 U.S.C. Section 701(b). In the present case, Roger W. Moister, Jr., the interim trustee, was designated to serve as trustee under Section 702(d) when the creditors failed to elect a trustee on April 22, 1986 at the meeting of creditors. This adversary proceeding was filed on March 9, 1988, over a month before the two (2) year April 22, 1988 deadline imposed by Section 546(a)(1).[3] Therefore, the action was commenced within the two (2) year limitation period.

Laches may constitute a bar to an action that has been delayed too long to the prejudice of a party's position. *Ansley Park Plumbing & Heating Co. v. Mikart, Inc. (In re Mikart, Inc.)*, 9 B.R. 144, 148 (Bankr.N.D.Ga.1981). In the present case, however, the trustee filed this complaint within the time period provided by Section 546(a). The court thus concludes that laches does not apply herein. Accordingly, it is

ORDERED that defendant's motion for dismissal on the basis of laches is DENIED.

IT IS SO ORDERED.

---

**2.** Although the interim trustee generally does become the permanent trustee pursuant to Section 702(d), this result is not necessarily guaranteed.

**3.** Even if the court had concluded that the relevant time period under Section 546(a)(1) com-

menced upon the appointment of the interim trustee, this adversary proceeding was still timely commenced. This Chapter 7 case was filed on March 14, 1986 and the adversary proceeding was filed on March 9, 1988.