In re ART & COMPANY, INC., Debtor.

Paul GRELLA, Chapter
7 Trustee, Plaintiff,

v.

Peter ZIMMERMAN and Silverman
& Kudisch, P.C., Defendants.

Bankruptcy No. 92–18825–JNF.
Adv. No. 94–1646.

United States Bankruptcy Court,
D. Massachusetts.

March 21, 1995.

Paul Grella, Grella & Murphy, Boston, MA, for Paul Grella, Chapter 7 Trustee, plaintiff.

Albert Cullen, Cullen & Butters, Boston, MA, for Peter Zimmerman and Silverman & Kudisch, P.C., defendants.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matters before the Court for determination are: 1) the Motion of the Defendants, Peter Zimmerman ("Zimmerman") and Silverman & Kudisch, P.C. ("S & K") (collectively the "defendants"), to Dismiss Complaint to Avoid and Recover Transfers (the "Motion to Dismiss"); and 2) the Motion of Paul Grella, the Chapter 7 Trustee of the above-referenced debtor (the "trustee" or the "plaintiff") for Leave to File Amended Complaint (the "Motion to Amend"). The Court held a hearing on both matters on January 18, 1995 at which the parties agreed to submit to the Court the transcripts of two § 341 meetings held in the Chapter 7 case. As the parties have requested the Court to consider materials outside of the pleadings, the Court will treat the Motion to Dismiss as a motion for summary judgment in accordance with Fed.R.Civ.P. 56, as made applicable to this proceeding by Fed.R.Bankr.P. 7056. The parties have filed memoranda of law with respect to both matters.

### II. FACTS

The relevant facts are undisputed. The debtor, a Massachusetts corporation, filed a voluntary Chapter 7 petition on August 7, 1992. On August 27, 1992, the Clerk of this Court issued a notice of commencement of case which, among other things, scheduled a meeting of creditors under 11 U.S.C. § 341 for October 7, 1992 at 9:30 A.M. On August 28, Paul Grella was appointed interim trustee by the United States trustee. The appointment of the trustee was noted on the Bankruptcy Court docket on August 31, 1992. On September 29, 1992, Business Funding Group, a creditor of the debtor, filed a Motion to Remove Trustee, which it withdrew on October 19, 1992.

On October 7, 1992, the trustee commenced the § 341 meeting of creditors. The debtor's principal, Rosalie Anjoorian ("Mrs. Anjoorian"), and attorneys for two creditors were present. Wayne Morrison, the attorney for the debtor, however, was not present. A legal assistant from his office was in at-

tendance and reported that Attorney Morrison would not be present because of the Jewish holiday. Accordingly, she requested that the meeting be continued to October 19, 1992, the next regularly scheduled date of meetings to be conducted by the trustee.

At the § 341 meeting, Mrs. Anjoorian indicated that she did not wish to proceed without counsel. The attorneys for the two creditors objected to a continuance of the § 341 meeting. The trustee stated that he was uncomfortable going forward without debtor's counsel present, but that he would not continue the meeting to October 19. He continued the meeting to an unspecified date prior to October 19, 1992 and stated that he would notify the parties of the continued date. Nevertheless, the trustee administered the oath to the debtor's principal and asked her several questions about the accounts receivable listed on the schedule of assets. At this meeting, the creditors neither voted for a trustee nor did the trustee state that he would continue as permanent trustee.

Thereafter, the trustee notified the parties that the continued § 341 meeting would be held at his office on October 13, 1992. At that meeting, the trustee again administered the oath to and examined the debtor's principal. Several creditors also questioned the debtor's principal. At the conclusion of the examination by one of the creditors, the trustee continued the meeting generally, refused to adjourn the meeting, and did not specify a new date. The subject of an election of a trustee did not arise at this meeting.

By letter dated February 5, 1993 to the Assistant United States Trustee concerning the invocation of the Fifth Amendment privilege by debtor's principal, the trustee stated that "... the regularly scheduled 341(a) [sic] meeting was held on October 7, 1992." He further indicated in the letter that the continued meeting was held on October 13, 1992.

On September 2, 1994, the trustee filed a Motion to Extend Time for Trustee to Bring Avoidance Actions (the "Motion to Extend"). In the Motion to Extend, the trustee represented that he had been selected as interim trustee on August 28, 1992, that he became trustee on September 2, 1994 pursuant to

Fed.R.Bankr.P. 2008, and that the statute of limitations for avoidance actions under 11 U.S.C. § 546(a) was due to expire on September 2, 1994. After a hearing on November 15, 1994, the Court denied the Motion to Extend.

The trustee filed the complaint commencing this adversary proceeding on October 7, 1994. In the complaint, the plaintiff alleged that Zimmerman, an attorney and partner of S & K, served as incorporator, clerk, and attorney for the debtor corporation from its inception to 1992. The trustee further alleged that the defendants received payments from the debtor totalling in excess of $67,000 on numerous dates in 1991 and 1992, and other compensation on unspecified dates which exceeded the value of the services performed by the defendants and rendered the debtor insolvent. In count one of his complaint, the trustee sought to recover payments made while the debtor was insolvent to the defendants in exchange for services worth less than reasonably equivalent value. Although the trustee did not indicate the particular provision of bankruptcy or state law under which he was proceeding in count one, presumably count one was brought under either 11 U.S.C. § 548(a)(2) or Mass.Gen. Laws Ann. Ch. 109A, the state fraudulent conveyance statute.

In count two of his complaint, entitled "Reservation of Right to Amend Complaint to Bring Count for Preferential Payments and/or avoid transfers under the Trustee's strong arm powers", the trustee repeated and incorporated the allegations of count one, and purported to reserve his right to amend the complaint, stating "Plaintiff/Trustee specifically reserves his rights to exercise his avoidance powers under 11 U.S.C. §§ 544 and/or 547 if facts so warrant in the future of this adversary proceeding." The defendants filed a joint motion to dismiss the complaint on November 28, 1994.

The Plaintiff filed an amended complaint, with exhibits, on January 9, 1995. In the Amended Complaint, the plaintiff repeated the factual allegations of the original complaint, and added allegations that between 1987 and 1991 the debtor paid Zimmerman in

excess of $728,000 and paid S & K in excess of $353,000. In the amended complaint, the plaintiff designates the following counts:

Count I Violation of 11 U.S.C. 548(a)(2) [sic] Transfers Made for Less than Equivalent Value;

Count II Violation of M.G.L. Chapter 109A, Section 4 Conveyances by Insolvent;

Count III Violation of 11 U.S.C. 548(a)(1) [sic] Transfers Made with Intent to Hinder, Delay or Defraud;

Count IV Violation of M.G.L. Chapter 109A, Section 5 Conveyances by Persons Engaged or About to Engage in Business;

Count V Violation of M.G.L. Chapter 109A, Section 6 Conveyances by Person About to Incur Debts Beyond Ability to Pay;

Count VI Violation of M.G.L. Chapter 109A, Section 7 Conveyances Made with Intent to Hinder or Delay.

On January 25, 1995, the plaintiff filed the motion to amend. On February 6, 1995, the defendants filed a memorandum in opposition to the motion to amend.

## III. ARGUMENTS

### A. Statute of Limitations

In support of their motion to dismiss, the defendants argue that the trustee's complaint is time-barred under the applicable statute limitations of 11 U.S.C. § 546(a) [1] as the complaint was not filed within two years after the date of his appointment as interim trustee. The defendants emphasize that in prior pleadings filed with the Court the trustee stated that he became permanent trustee on September 5, 1992. In the alternative, the defendants submit that even if the Court adopts the view that the statute of limitations did not begin to run until the date of the permanent appointment of the trustee at the first § 341 meeting, the limitations period expired on October 6, 1994, and, therefore, the complaint filed on October 7, 1994 was too late. The defendants, citing *In re Butcher*, 829 F.2d 596 (6th Cir.1987), urge the Court to include the date of appointment in the computation of time and not to apply Fed.R.Bankr.P. 9006(a) [2], which excludes the date of an event from the computation. Finally, the defendants request dismissal of count one of the complaint on two additional grounds: 1) pursuant to Fed.R.Civ.P. 12(b)(6) [3] for failure to state a claim upon which relief may be granted, and 2) pursuant to Fed.R.Civ.P. 9,[4] as made applicable to this proceeding by Fed.R.Bankr.P. 7009, for plaintiff's failure to state his claim with particularity.

In response to the motion to dismiss, the plaintiff argues that the complaint was timely commenced within the statute of limitations under 11 U.S.C. § 546(a) because it was filed within two years after his permanent appointment under 11 U.S.C. § 702(d).[5] He

---

1. As this case was filed prior to October 21, 1994, the applicable version of 11 U.S.C. § 546(a) is as follows:

   (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

   (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

   (2) the time the case is closed or dismissed.

2. Fed.R.Bankr.P. 9006(a) provides in pertinent part:

   (a) **Computation.** In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included.

3. Fed.R.Civ.P. 12(b)(6) provides in pertinent part:

   (b) **How presented.** Every defense, in law or fact to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted, ...

4. Fed.R.Civ.P. 9(b) provides in pertinent part:

   (b) **Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

5. 11 U.S.C. § 702(d) provides:

   (d) If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case.

argues that the date of his permanent appointment was October 13, 1992, when the continued § 341 meeting was held. Alternatively, the trustee argues that the date of his permanent appointment was at the earliest October 7, 1992, the date of the first § 341 meeting. With respect to the computation of time issue, relying on Fed.R.Bankr.P. 9006(a), the trustee argues that in calculating the two year limitations period, the date of his appointment is not included, that the statute began to run on October 8, 1992, and thus expired on October 7, 1994, the date his complaint was filed. The trustee submits that the decision of the Court of Appeals in *Butcher* was incorrect and asks the Court not to follow it.

### B. The Motion to Amend

The trustee maintains that his amended complaint satisfies the pleading requirements for a claim under 11 U.S.C. § 548(a)(2)(A). He asserts that he was entitled to amend as a matter of right and was not required to seek leave of court prior to filing the amended complaint because a motion to dismiss is not a responsive pleading within the meaning of Fed.R.Civ.P. 15(a). The trustee emphasizes that Rule 15 requires that leave to amend should be liberally granted, and maintains that the amended complaint more fully sets forth his claims against the defendants, thus causing no prejudice to any party.

The defendants oppose the motion to amend. They argue that even if the original complaint is not time-barred, the new counts in the amended complaint are improper and do not relate back to the time of filing the original complaint. The defendants maintain that the amended complaint expands the factual allegations to include payments going back to 1987, and improperly enlarges the scope of the litigation beyond the original complaint, which was based on events after August 1991. The defendants deride the trustee's attempt in his original complaint to reserve the right to amend the complaint to pursue preferential transfers or other recoveries pursuant to the trustee's strong-arm powers. The defendants request that the court strike any allegation in the amended complaint based on events prior to August 27, 1991.

## IV. DISCUSSION

### A. Statute of Limitations

#### 1. Date of Appointment of Trustee

■ In construing the statute of limitations for avoidance actions under Bankruptcy Code Section 546(a), the overwhelming majority of courts, including Judge Queenan in this district, has ruled that the two-year statute of limitations for avoidance actions begins to run on the date that the trustee is designated permanent trustee. *See, e.g., In re Maxway Corp.,* 27 F.3d 980 (4th Cir.1994); *In re Conco Bldg. Supplies, Inc.,* 102 B.R. 190 (9th Cir. BAP 1989); *In re Goetz,* 175 B.R. 743 (Bankr.C.D.Cal.1994); *In re Farrell & Howard Auctioneers, Inc.,* 172 B.R. 712 (Bankr.D.Mass.1994); *In re Ted A. Petras Furs, Inc.,* 172 B.R. 170, 175 (Bankr. E.D.N.Y.1994); *In re Colonial Realty Co.,* 168 B.R. 512 (Bankr.D.Conn.1994); *In re SSS Enterprises, Inc.,* 145 B.R. 915 (Bankr. N.D.Ill.1992); *Matter of Surf & Sand Const., Inc.,* 138 B.R. 454 (Bankr.D.Del.1992); *In re Young,* 97 B.R. 679 (Bankr.N.D.Ga.1988); *In re Metro Shippers, Inc.,* 95 B.R. 366 (Bankr. E.D.Pa.1989); *In re Outlet Dept. Stores,* 49 B.R. 536 (Bankr.S.D.N.Y.1985); *In re Black & Geddes, Inc.,* 35 B.R. 827 (Bankr.S.D.N.Y. 1983). A scant minority of courts has ruled that the limitations period commences upon the appointment of the interim trustee. *See In re Sahuaro Petroleum,* 170 B.R. 689 (C.D.Cal.1994).

There are two rationales that support the majority view. First and foremost, Section 546(a)(1) expressly and plainly refers to the appointment of a permanent trustee under Section 702 and not the appointment of an interim trustee under Section 701. Secondly, the role of the interim trustee is that of a caretaker as his duties and tenure are restricted under Section 701.

■ In a Chapter 7 case, the appointment of the interim trustee as the permanent trustee takes place automatically at the first § 341 meeting of creditors in the absence of an election by creditors. *See* 11 U.S.C. § 702(d); *In re Modern Mix, Inc.* 33 B.R.

543 (Bankr.S.D.Ala.1983). Where there is no election of a trustee or challenge to the trustee's appointment, the statute of limitations begins to run from the time of the § 341 meeting at which the creditors had the opportunity to elect a trustee. *In re Metro Shippers, Inc.,* 95 B.R. 366 (Bankr.E.D.Pa. 1989). For the purpose of determining when a trustee becomes permanent, the meeting of creditors is considered to have been actually held when the debtor submits to an examination under oath. *See In re Conco Bldg. Supplies, Inc.,* 102 B.R. at 192.

■ This Court shall follow the majority view. The trustee's appointment as permanent trustee, whether by election, or by operation of law, triggers the commencement of the limitations period for avoidance actions.

In the present case, the trustee became permanent trustee by operation of law at the § 341 meeting that was actually held on October 7, 1992, notwithstanding the absence of debtor's counsel, and the continuation of the meeting. At the meeting on October 7th, the trustee administered the oath to the debtor, commenced the examination, and creditors did not elect a trustee. Accordingly, the Court finds that the interim trustee was designated to serve as trustee under Section 702(d) when the creditors failed to elect a trustee and when the debtor was sworn at the meeting of creditors on October 7, 1992. It makes no difference that the trustee made inconsistent statements in prior pleadings filed with the Court because his appointment occurred by operation of law.

2. Computation of Time

■ The next issue to be determined is whether the date of the trustee's appointment as permanent trustee is included in computing the limitations period under 11 U.S.C. § 546(a). As with the appointment issue, there is also a split of authority on this issue. Although the Court of Appeals for the First Circuit has not yet considered the issue, the vast majority of courts has ruled that, in light of the language of Fed.

R.Bankr.P. 9006(a) [6], the date of the trustee's appointment should not be counted in computing the statute of limitations under section 546(a). *See In re Sutera,* 157 B.R. 519 (Bankr.D.Conn.1993); *In re Amdura Corp.,* 142 B.R. 433 (Bankr.D.Col.1992); *In re Kaelin Associates. Elec. Const., Inc.,* 70 B.R. 412 (Bankr.E.D.Pa.1987); *In re Oro Import Co., Inc.,* 69 B.R. 6 (S.D.Fla.1986); *In re Black & Geddes, Inc.,* 35 B.R. 827, 829 (Bankr. S.D.N.Y.1983); A minority of courts has ruled otherwise. *See In re Butcher,* 829 F.2d 596, 600–01 (6th Cir.1987) *cert. denied* 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988). In *Butcher,* the court ruled that Fed.R.Bankr.P. 9006 could not be used to compute time under Section 546(a) and that the limitations period under that section began to run the date of the trustee's appointment. The Court stated that: "Bankruptcy Rules govern procedural matters after a proceeding has been timely commenced. Jurisdiction must arise from section 546(a) without reference to Bankruptcy Rule 9006(a)." 829 F.2d 601.

This Court declines to follow ruling of the *Butcher* court for several reasons. First, the court's decision was based on the inapplicability of Rule 9006 to Section 546. However, by its own terms, Rule 9006 applies to the computation of time *"under any applicable statute"*, which obviously includes Bankruptcy Code Section 546(a). Moreover, since the Bankruptcy Code was enacted after Fed. R.Civ.P. 6(a), the counterpart to Fed. R.Bankr.P. 9006(a), Congress must have intended that the time period be computed in accordance with the rule's method. In addition, the decision in *Butcher* is subject to criticism for having confused jurisdictional concepts with procedural limitations. *See In re Shape, Inc.,* 138 B.R. 334 (Bankr.D.Me. 1992). Finally, a majority of courts has consistently applied Fed.R.Civ.P. 6(a)'s computation-of-time method to other federal statutes of limitations. *See, e.g., Frey v. Woodard,* 748 F.2d 173 (3d Cir.1984) (Federal Tort Claims Act); *Kane v. Douglas, Elliman,*

---

**6.** Fed.R.Bankr.P. 9006(a) provides in pertinent part:

[i]n computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, *or by any applicable statute,* the day of the act, event, or default from which the designated period of time begins to run shall not be included. (Emphasis added).

*Hollyday & Ives,* 635 F.2d 141 (2d Cir.1980) (Civil Rights Act).

As Fed.R.Bankr.P. 9006(a) may be used to compute the two-year statute of limitations of 11 U.S.C. § 546(a), the complaint filed by the plaintiff on October 7, 1994 was filed timely and the defendants' motion for summary judgment on grounds of untimeliness is denied.

## B. The Motion to Amend

■ The next issue to be determined is whether the amended complaint, filed on January 6, 1995, obviously after the expiration of the limitations period under 11 U.S.C. § 546(c), relates back to the date of the original complaint. In other words, should the court deny leave to amend to add the new allegations raised in the amended complaint where the amendment was made more than two years after the trustee's appointment?

■ Resolution of this issue requires an interpretation of Fed.R.Civ.P. 15(c)(2) [7], as made applicable to this proceeding by Fed.R.Bankr.P. 7015. Under Rule 15(c)(2), additional claims asserted by amendment that arise out of the same conduct, transaction, or occurrence as the initial pleading are permissible and relate back to the initial pleading. Relation back is to be liberally applied if the original pleading gave the defendant fair notice of the claims that are added in the amendment. Thus, relation back is permissible if a plaintiff seeks to correct a technical mistake or omission, state a new legal theory of relief, or amplify the facts alleged in the prior complaint. *F.D.I.C. v. Conner,* 20 F.3d 1376, 1386 (5th Cir.1994). Conversely, an amended pleading alleging a new claim or different facts or transactions not alleged in the original complaint will not relate back and will be time barred if the limitations period has expired. *O'Loughlin v. National R.R. Passenger Corp.,* 928 F.2d

24–28 (1st Cir.1991). *See generally Wright, Miller & Kane, Federal Practice & Procedure,* § 1497, at 70–79 (West 1990).

In the present case, the Court finds that the original complaint made allegations and contained facts that could be said to give the defendants fair notice that the trustee was complaining about transactions occurring during the entire history of the defendants' relationship with the debtor corporation from 1987 through 1992. Although the trustee's original complaint was vague, a fair reading of the allegations indicates that the challenged transactions were not restricted to occurrences in 1991 and 1992. Rather, the trustee can be said to have suggested, albeit in a nebulous fashion, that he was complaining of payments to the defendants throughout the course of their relationship, including payments made to the defendants as far back as 1987.

Furthermore, to the extent the amended complaint amplifies the legal theories and the applicable federal and state law under which the trustee is proceeding, the amendment is a technical correction that clarifies the legal theories and statutes relied upon by the plaintiff. Accordingly, the amended complaint relates back to the date the original complaint was filed and is not time-barred.

■ The amended complaint states a claim to recover fraudulent transfers voidable under bankruptcy and state law. When a plaintiff pleads a constructive fraud claim, such as a claim to avoid and recover fraudulent transfers under 11 U.S.C. § 548(a)(2), which does not require proof of fraudulent intent, the requirements of pleading fraud with particularity are relaxed. *In re O.P.M. Leasing,* 35 B.R. 854, 862–63 (Bankr. S.D.N.Y.1983). The factual allegations and legal theories set forth in the amended complaint are sufficiently detailed so as to meet

---

7. Fed.R.Civ.P. 15(c) provides in pertinent part:

   **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

   **(1)** relation back is permitted by the law that provides the statute of limitations applicable to the action, or°

   **(2)** the claim or defense asserted in the amended pleading arose out the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, ...

   As 11 U.S.C. § 546(a) does not expressly or impliedly permit relation back of amendments, the Court will limit its discussion of Rule 15(c) to subsection 2.

the particularity requirements of Fed. R.Civ.P. 9.

## V. CONCLUSION

In accordance with the foregoing, the Court denies the defendants' Motion to Dismiss, treated as a motion for summary judgment, and grants the plaintiff's motion for leave to amend his complaint.

### ORDER

In accordance with the Memorandum dated March 21, 1995, the Defendants' Motion to Dismiss is denied and the Plaintiff's Motion for Leave to File Amended Complaint is allowed.