**Thaddeus G. BENTON, Plaintiff-
Appellant,**

v.

**VINSON, ELKINS, WEEMS and
SEARLS, et al., Defendants-
Appellees.**

**No. 314, Docket 24971.**

United States Court of Appeals
Second Circuit.

Argued April 28, 1958.

Decided May 28, 1958.

**300**

Thaddeus G. Benton, New York City, plaintiff-appellant, pro se (Lawrence W. Krieger, of McNally & Krieger, and Neilson Olcott, New York City, on the brief), for plaintiff-appellant.

Leo T. Kissam, of Kissam & Halpin, New York City (Joseph M. O'Loughlin, of Kissam & Halpin, New York City, on the brief), for defendant-appellee David T. Searls.

Before CLARK, Chief Judge, and HINCKS and STEWART, Circuit Judges.

PER CURIAM.

Commenced in the Supreme Court of New York, the appellant's tort action was removed to the United States District Court for the Southern District of New York by reason of diversity of citizenship. That court, pursuant to motion, transferred the action to the United States District Court for the Southern District of Texas in accordance with the provisions of 28 U.S.C. § 1404(a). The appellant then served and filed a notice of voluntary dismissal pursuant to Rule 41(a) (1), F.R.Civ.P. This is an appeal from the denial of the appellant's subsequent motion, filed pursuant to Rule 60 (b) (1), F.R.Civ.P., to withdraw the notice of voluntary dismissal, for an order vacating the order transferring the action to the district court in Texas, and for leave to file an amended complaint.

Motions brought under Rule 60(b) invoke the discretionary power of the district court. Fischer v. Dover Steamship Co., 2 Cir., 1955, 218 F.2d 682; Smith v. Kincaid, 6 Cir., 1957, 249 F.2d 243. That discretion was not improperly exercised here. The asserted basis for the motion was the appellant's alleged tardy discovery of the Texas two-year statute of limitations in tort actions. It is not at all clear that the applicable limitation period would not be the same whether the case were tried in the New York or Texas district court. See Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 1950, 182 F.2d 305. Is is also not at all clear from the record that the appellant was not aware

of the Texas statute at the time he filed the notice of voluntary dismissal. In any event, ignorance of the Texas limitation period on the part of the appellant, an experienced lawyer, is not under the circumstances here disclosed the kind of "mistake, inadvertence, surprise, or excusable neglect" contemplated by Rule 60 (b).

Affirmed.