In re ORO IMPORT CO., INC., Debtor.

Stephen H. JUDSON, Trustee, Plaintiff,

v.

INTERNATIONAL TERMINAL OPERATING CO., INC., Defendant.

Bankruptcy No. 83–00860–BKC–AJC.

Adv. No. 85–0739–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 30, 1985.

Kevin C. Gleason, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for plaintiff.

Harvey A. Strickon, Kaye, Scholer, Fierman, Hays & Handler, New York City, Jacqueline Allee, Holland & Knight, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

These matters came before the court at a pretrial conference held on August 14, 1985, relating to a complaint to avoid preferential transfers. The court has determined that defendant's affirmative defense of statute of limitations is finally dispositive of this matter. Stephen H. Judson, the trustee (the "Trustee") of the Chapter 7 case of Oro Import Co., Inc. (the "Debtor"), filed on May 20, 1985, a complaint to avoid preferential transfers to International Terminal Operating Co., Inc. ("ITO"). Counsel for the Trustee and for ITO prepared and submitted to the court a pretrial report setting forth, among other things, certain affirmative defenses raised by ITO. The court heard argument of counsel on two issues that may be dispositive as a matter of law. The first defense raised by ITO is that this court is without jurisdiction, under Section 157 of Title 28 of the United States Code, to hear and determine proceedings to avoid preferential transfers. 28 U.S.C. § 157. The second defense raised by ITO is that the complaint to avoid preferential transfers was filed outside the two-year limitations period contained in Section 546(a) of Title 11 of the United States Code. 11 U.S.C. § 546(a).

The first issue is an issue of law that may be decided by this court without consideration of any facts related to this proceeding. The facts pertinent to the resolution of the second defense raised by ITO are contained on the face of the complaint and are undisputed. On May 13, 1983, the Debtor filed in the United States Bankruptcy Court for the Southern District of Florida a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 701 et seq. On May 18, 1983, the Trustee was appointed by the court. As the calendar falls, May 18, 1985, two years after the appointment of the Trustee, occurred on a Saturday. On the following Monday, May 20, 1985, the Trustee filed against ITO a complaint to avoid preferential transfers.

The first issue may be dealt with summarily. Section 157(b)(2)(F) explicitly provides that bankruptcy judges may hear and determine proceedings to avoid or recover preferences as core proceedings. 28 U.S.C. § 157(b)(2)(F). This court finds that the complaint against ITO to avoid preferential transfers is a core proceeding and this court has jurisdiction to hear and determine all matters raised in the Trustee's complaint.

As to the second issue raised by ITO, the Trustee argues that Rule 9006(a), Rules of Bankruptcy Procedure, which incorporates, verbatim, Rule 6(a), of the Federal Rules of Civil Procedures, applies to extend the two-year limitations provision of Section 546(a) of the Bankruptcy Code to the following Monday when the limitations period expires on a Saturday. ITO argues, however, that Rule 9006 is a procedural rule and is inapplicable to a substantive limitations statute. The court acknowledges that differing views exist among courts regarding the applicability of Rule 6(a) to federal statutory limitation periods. However, this court believes the better view of the relationship between Rule 6(a) and a federal statute of limitations is found in *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980). With certain limitations, the Bankruptcy Code creates causes of action and confers jurisdiction upon the bankruptcy court to hear cases arising under the statute. The jurisdiction to hear proceedings to avoid preferential transfers is defined, temporally as well as substantively, by Section 546(a). If a complaint is not timely filed in accordance with the statute, a bankruptcy court has no jurisdiction to hear the complaint. Neither Rule 9006(a) of the Rules of Bankruptcy Procedure nor Rule 6(a) of the Federal Rules of Civil Procedure operate to extend or to limit the jurisdiction of a bankruptcy court. The Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure govern procedural matters after a proceeding has been commenced. Jurisdiction, if any, must arise from Section 546(a) without reference to Rule 9006(a).

The Trustee was appointed on May 18, 1983. Section 546(a) provides that the Trustee must file an avoidance action two years after his appointment. Two years after the Trustee's appointment was May 18, 1985, a Saturday. The Trustee failed to file his complaint until Monday, May 20, 1985, and, therefore, under the sound reasoning of *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980), the complaint was untimely filed. This finding is further supported by Rule 5001, Rules of Bankruptcy Procedure, which provides that bankruptcy courts are deemed always open for the purpose of filing any pleading. The Trustee did not avail himself of this accommodation.

From the foregoing, this court concludes that the claim of the Trustee is time barred by virtue of being filed on a Monday, two days after the end of the two year period which ended on a Saturday, and this court is without jurisdiction to hear the cause.

Pursuant to Bankruptcy Rule 9021(a), a final judgment for defendant ITO incorporating these findings of fact and conclusions of law is being entered this date.