Harvey A. Strickon, Kaye, Scholer, New York City, for defendant.

Jacqueline Allee, Holland & Knight, Miami, Fla., for defendant.

In re ORO IMPORT CO., INC., Debtor.

Stephen H. JUDSON, Trustee, Plaintiff,

v.

INTERNATIONAL TERMINAL OPERATING CO. INC., Defendant.

Bankruptcy No. 83–00860–BKC–AJC.
Adv. No. 85–0739–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 5, 1986.

As Amended Feb. 12, 1986.

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT FOR DEFENDANT AND ORDER DENYING MOTION FOR REHEARING

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard upon the motion for relief from judgment for defendant and order denying motion for rehearing filed by Stephen H. Judson, trustee, on December 30, 1985.

This court is initially concerned with its jurisdiction to hear this motion purportedly filed under Rule 60(b), *Fed.R.Civ.P.* because a notice of appeal was filed in this cause by Stephen H. Judson, trustee, on December 6, 1985. (C.P. N6. 24). At least one other judge opined that it was inappropriate, due to lack of jurisdiction, for the court to rule on a motion under Rule 60(b) after a notice of appeal has been filed. *In re Bialac,* 694 F.2d 625, 627 (9th Cir.1982). The Eleventh Circuit seems to indicate that

there is a "discretionary power of a ... court to consider such a motion even after an appeal has been noticed. *Parrott v. Wilson*, 707 F.2d 1262, 1266–1267, n. 8 (11th Cir.1983). This prospect of simultaneous jurisdiction in an appellate court and a trial court creates substantial concern in the mind of this court as to the possible problems that might result. This court agrees with Judge Paskay's decision, *In the Matter of Urban Development Ltd., Inc.*, 42 B.R. 741, 744 (Bankr.M.D.Fla. 1984), wherein he stated: "While the bankruptcy court has a wide latitude to reconsider and vacate its own prior decisions, it may not do anything which has any impact on the order on appeal." The court will, however, assume jurisdiction here in the interest of judicial economy since the merits are clearly dispositive of the matter.

To correct a mistake in a stipulation submitted to the court, the trustee relies on Rule 60(b), *Fed.R.Civ.P.* The court will determine whether this reliance is legally justified.

On May 20, 1985, the trustee filed his original complaint (C.P. No. 1) in which he alleged his appointment as trustee on May 18, 1985. The defendant generally denied this allegation in paragraph 2 of an answer filed on July 17, 1985 (C.P. No. 6) and once again denied this allegation in an amended answer filed on July 26, 1985 (C.P. No. 7).

Thereafter, pursuant to pre-trial procedures, counsel for the plaintiff (the trustee) and the defendant met and agreed on a stipulation of fact that was Part C of a Pre-Trial Report, filed on August 14, 1985. The trustee and the defendant quite clearly stipulated that the trustee was appointed on May 18, 1983. (C.P. No. 10).

On August 15, 1985, the defendant filed a memorandum of law on the untimely filing of this proceeding noting that the complaint was filed two years and two days after May 18, 1983, the date of the appointment of the trustee (C.P. No. 11). On the same day, the plaintiff filed a pre-trial memorandum which opposed this defense with the assertion that the filing was timely based on B.R. 9006(a) (C.P. No. 12).

On August 30, 1985, this court prepared Findings of Fact and Conclusions of Law and also issued a Final Judgment, which were docketed by the clerk on September 11, 1985 (C.P. Nos. 13 and 14).

Then, on September 9, 1985, plaintiff-trustee filed a motion for rehearing (C.P. No. 15) in which he further argued the timeliness of the filing. The court observes *he chose not to question the stipulated fact that May 18, 1983 was the date from which the statute of limitations began to run.* Also on September 9, 1985, the trustee filed a notice of appeal (C.P. No. 16).

Plaintiff submitted a memorandum of law in support of rehearing, filed September 25, 1985, in which he again argued for the timely filing of the complaint. He cited B.R. 9006(a) and Rule 6(a), *Fed.R.Civ.P.* in support of his claim, but he failed to raise any issue concerning the accuracy of the factual stipulation that *May 18, 1983* was the date of the trustee's appointment.

On September 26, 1985, the defendant filed a memorandum of law arguing the issue of timeliness and opposing plaintiff's motion for rehearing (C.P. No. 21).

On November 29, 1985, the court signed an order denying plaintiff's motion for rehearing which was docketed by the clerk on December 4, 1985 (C.P. No. 23).

An additional notice of appeal was filed by the trustee on December 6, 1985 (C.P. No. 24). Then, on December 12, 1985, plaintiff filed a motion for relief under Rule 60(b) *Fed.R.Civ.P.* (C.P. No. 26) in which he raised for the first time, the issue of "mistake of fact" regarding the stipulated date of May 18, 1983, which purportedly is not the true date of the trustee's appointment.

The trustee relies heavily on *U.S. v. Gould*, 301 F.2d 353 (5th Cir.1962), (hereinafter *Gould*) as authority for relief from mistake of fact. In that case, Chief Judge Tuttle extensively quoted from Moore's Federal Practice treatise which sets forth the various grounds a court should consider in granting a motion under Rule 60(b).

However, Professor Moore specifically points out that Rule 60(b) is not a substitute for an appeal. *Gould* at 356.

The court will carefully weigh both sides of the argument. On the trustee's side of the scale are the points that the rule should be liberally construed for the purpose of doing substantial justice and that there are apparently no substantial intervening equities which would make it inequitable to grant relief. The other side of the scale, however, carries heavier weight. The principles of finality and predictability dictate that a final judgment should not be lightly disturbed. This consideration is reemphasized by Professor Moore when he cautions "that the principle of finality of judgments serves a most useful purpose for society, the courts, and the litigants—in a word, for all concerned." *Gould* at 356. Professor Moore advises that the court should also consider:

1. "Whether in the particular case the interest of deciding cases on the merits outweighs the interest in orderly procedure and in the finality of judgments." *Gold* at 356. In this case, it does not.

2. "Whether the movant had a fair opportunity to present his claim." *Gold* at 356. The court believes he did.

3. Whether "the motion is made within a reasonable time[?]" *Gold* at 356. Under the circumstances of this case, raising the point of mistake of fact at this stage of the proceedings is not within a reasonable time. The trustee had ample opportunity to study the record. In fact, he had in excess of two years to prepare his case. Such preparation should include knowing when the statute of limitations begins to run. After filing the original complaint two years and two days after the date set forth in the complaint as the date commencing the statute of limitations, the trustee presented the argument that the complaint was properly filed under Rule 6(a), *Fed.R.Civ.P.* No doubt, a body of caselaw exists in support of the trustee's argument under Rule 6(a). In rejecting this line of opinion, this court felt the other view was the better view and decided the case accordingly. The mistake of fact remained uncovered because the trustee persisted in traveling down another legal road. Mistake of fact could have been raised in the initial arguments and corrected at that time. It could have been raised on the motion for rehearing. Nowhere, in his Motion for Relief (C.P. No. 26) which raises the ground of mistake of fact, does the trustee even attempt to explain or excuse what may be considered as the late arrival of the cavalry after the legal battle is over. The court believes that District Judge Marshall has stated well the principle that should be applied. "When a party seeks to invoke Rule 60(b)(1), he must show he was justified in failing to avoid the mistake or inadvertence ... [and] neither ignorance nor carelessness on the part of a litigant or an attorney will provide grounds for Rule 60(b) relief." *Sears, Sucsy & Co., v. Insurance Company of No. Amer.*, 392 F.Supp. 398, 412 (N.D.Ill.1974). In 1958, the Second Circuit stated: "Motions brought under Rule 60(b) invoke the discretionary power of the ... court." *Benton v. Vinson, Elkins, Weems & Searls*, 255 F.2d 299, 300 (2nd Cir.1958) (hereinafter cited as *Benton*). The court went on to say that, "In any event, ignorance ... on the part of the appellant, an experienced lawyer, is not ... the kind of 'mistake, inadvertence, surprise, or excusable neglect' contemplated by Rule 60(b)." *Benton* at 301. See also *Hulson v. Atchison T. & S.F. Ry. Co.*, 289 F.2d 726 (7th Cir. 1961) (hereinafter cited as *Hulson*) in which Chief Judge Hastings stated "Ignorance of the rules .... cannot serve to furnish grounds for relief under Rule 60(b)." *Hulson* at 730.

Rule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances. In the *Hulson* case, as in this case, the movant made absolutely no allegations that would support the granting of relief under Rule 60(b).

The court must avoid condoning sheer ignorance, which, if excused for no real

reason, may contribute to the loss of efficient use of judicial time.

In *Ohliger v. United States,* 308 F.2d 667, 668 (2d Cir.1962), the court stated: "Counsel's carelessness cannot be excused by this Court if it is to perform its obligation to other litigants whose cases are necessarily delayed by such conduct."

In *Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir.1969) (hereinafter cited as *Hoffman* ), the court stated, "It is generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief." The court then went on to say, "Parties are generally bound by their agreements made in court." *Hoffman* at 836.

There is little disagreement that "[t]he general rule is that parties are bound by stipulations voluntarily made and that relief from such stipulations after judgment is warranted only under exceptional circumstances ... [The party] in its 60(b) motion does not assert that the stipulation was induced by any fraud or misconduct on the part of plaintiff or his counsel." *Farmers Co-Op. El. Ass'n Non-Stock, Big Springs, Neb. v. Strand,* 382 F.2d 224, 229 (8th Cir.1967). Likewise, in this case, no suggestion can be found by this court that the alleged mistake of fact was induced by fraud or improper conduct on the part of opposing counsel. The date of the trustee's appointment is a fact particularly within the knowledge of the trustee and trustee's counsel. Opposing counsel merely accepted this representation by plaintiff as true. At the pre-trial conference, plaintiff was presented with a statute of limitations defense based upon the stipulated date. This was the most opportune time for plaintiff to correct the alleged mistake since everyone's attention was focused on the date.

In *Greenspahn v. Joseph E. Seagram & Sons,* 186 F.2d 616 (2nd Cir.1951) (hereinafter cited as *Seagram* ), the court pointed out, after reviewing the unilateral mistake made by one party, that the only act needed to avoid the mistake was for the officer in charge of the litigation to have made inquiry. The court specifically stated: "The slightest investigation would have disclosed them [the facts] to the defendant's officer in charge of the litigation." *Seagram* at 619. Likewise, in this case, the slightest investigation of the court file would have disclosed to the parties in charge of the litigation the alleged mistake of fact. They chose not to make that slight investigation until after the matter was on appeal. It is now too late.

Failure by a party to proficiently prepare its case can not be lightly excused by a court. In *U.S. v. Thompson,* 438 F.2d 254, 256 (8th Cir.1971) (hereinafter cited as *Thompson* ), the court of appeals upheld the district court's denial of a Rule 60(b) motion because "the most that can be said for [the] appellants' position is that they failed to bring the Arkansas statute to the District Court's attention at the time the decree was entered." The *Thompson* decision relies on the *Hoffman* rationale that "neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief." *Thompson* at 256.

Relief from mistake is not automatic. The party seeking relief has the burden to bring himself within the provisions of the rule. The "motion to vacate judgment under Rule 60(b) is addressed to the sound discretion of the Court." *Smith v. Kincaid,* 249 F.2d 243, 245 (6th Cir.1957). This court finds the trustee has not made a sufficient showing to bring himself within Rule 60(b). Merely alleging that a mistake was made and calling upon the procedural rule number is insufficient to cure carelessness.

The court has carefully considered *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir.1981) (hereinafter cited as *Seven Elves* ), which the trustee cites for the proposition that Rule 60(b) should be liberally construed in order to do substantial justice. But even in that decision, the court made clear "that final judgments should [not] be lightly reopened. The desirability of order and predictability in the judicial process calls for the exercise of caution in such matters." *Seven Elves* at

401. The court believes that this is a case where such caution ought to be exercised. Therefore, it is

**ORDERED** that plaintiff's motion for relief under 60(b), *Fed.R.Civ.P.*, is denied.