In re ORO IMPORT CO., INC., Debtor.

Stephen J. JUDSON, Trustee, Appellant,

v.

INTERNATIONAL TERMINAL OPERATING CO., INC., Appellee.

No. 86–0677–CIV.

United States District Court, S.D. Florida.

July 11, 1986.

Rodolfo Pittaluga, Miami, Fla., Harvey A. Strickon, for appellee.

Kevin C. Gleason, Miami, Fla., for appellant.

## ORDER OF REVERSAL

RYSKAMP, District Judge.

These consolidated appeals are from two orders of Bankruptcy Judge A. Jay Cristol, dismissing the trustee's complaint to avoid a preference on the ground that the action was barred by the applicable statute of limitation, 11 U.S.C. § 546(a), and denying a motion for relief from judgment pursuant to Rule 60(b) Fed.R.Civ.P. [*In Re Oro Import Co., Inc.,* 52 B.R. 357 (Bankr.S.D.Fla. 1985) and 57 B.R. 341 (Bankr.S.D.Fla.1986).]

The debtor filed a voluntary petition under Chapter 7 on May 13, 1983. The appellant was appointed interim trustee on May 18, 1983 pursuant to 11 U.S.C. § 701. At the meeting of creditors, on June 27, 1983, the appellant became the trustee when the creditors failed to elect a trustee pursuant to 11 U.S.C. § 702(c). The appellant filed this adversary proceeding on May 20, 1985.

The statute of limitations for adversary proceedings is set forth in 11 U.S.C. § 546(a). This statute requires a complaint to be filed within "... two years after the appointment of a trustee under section 702 ...".[1] Since the appointment of the trustee under § 702 was effective on June 27, 1983 and the adversary proceeding was filed on May 20, 1985, it would seem that no statute of limitations problem could exist. However, things often are not what they seem.

The appellant stipulated before the bankruptcy judge that the trustee was appointed on May 18, 1983 (the date the trustee was appointed interim trustee pursuant to § 701) rather than the true date of appointment pursuant to § 702, which took place on June 27, 1983. This error was not de-

---

1. The appellee suggests that § 546(a) is ambiguous because a trustee can only be "appointed" under § 701 and is "elected" under § 702. Therefore, it is argued, congress really had § 701 in mind when it used the word "appointed" in § 546(a). The court rejects this suggestion and would note that a trustee's appointment can be confirmed by a failure to vote under § 702(d) and that an election by the creditors could be considered an appointment by the creditors under § 702(b).

tected, either by the parties or by the court, at the time the bankruptcy judge dismissed the complaint to avoid a preference on August 30, 1985 (52 B.R. 357). Assuming the critical date to be May 18, 1983, the bankruptcy judge proceeded to find the complaint was not timely and as a result was barred by 11 U.S.C. 546(a). The bankruptcy judge refused to apply Bankruptcy Rule 9006(a) to § 546(a) as a means to determine the method of computing time.[2] The court acknowledged that Rule 9006(a) incorporated verbatim Rule 6(a) Fed.R.Civ.P. and proceeded to consider the application of Rule 6(a) to federal statutes. It is undisputed that both Rule 6(a) and Rule 9006(a) claim to apply not only to procedural rules but also to any "applicable statute." The court acknowledged "differing views" among the courts and chose to follow the decision of the Sixth Circuit in *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980), wherein that court refused to apply Rule 6(a) to the statute of limitations applicable to the Truth in Lending Act, 15 U.S.C. § 1601 et seq.. The *Rust* case appears to represent the minority view on this issue. *See* 4 Wright & Miller, *Federal Practice and Procedure* § 1163 (1969). The fact that *Rust* may represent the "minority view" is not a reason for rejecting it, were it not for the fact that this circuit is committed to the "majority view." In *Lawson v. Conyers Chrysler Plymouth and Dodge Trucks, Inc.*, 600 F.2d 465 (5th Cir.1979), a case virtually indistinguishable from *Rust*, Rule 6(b) was applied to the statute of limitations section of the Truth in Lending Act. The *Lawson* decision is binding in the Eleventh Circuit as a Fifth Circuit decision prior to October 1, 1981. *See Bonner v. City of Pritchard, Alabama*, 661 F.2d 1206 (11th Cir.1981).

■ Although neither *Rust* nor *Lawson* deal with the precise issue before this court, whether Rule 9006(a) applies to § 546(a), this court must opt for *Lawson*, given the choice. It should be noted that this precise issue has now been considered by a court other than the court below. In *In Re C.H. Butcher*, 57 B.R. 101 (Bankr.E.D.Tenn.1985) the court refused to follow *Rust*, although presumably the law of that circuit, and held that Rule 9006(a) did apply to § 546(a). While this court will not speculate whether *Butcher* will become the law of the Sixth Circuit in the face of *Rust*, this court does endorse the rationale of *Butcher* as being consistent with the law of the Eleventh Circuit as stated in *Lawson*. Accordingly, this court finds that the complaint to avoid a preference was timely even if the time was computed from May 18, 1983 rather than the correct date of June 27, 1983.

■ After the appellant appealed the August 30, 1985 ruling of the lower court, he realized his error in stipulating to the wrong date. He then filed a motion for relief from judgment, pursuant to Rule 60(b), Fed.R.Civ.P. seeking to point out that the true date for computing the two year period was June 27, 1983, which would make the discussion of Rule 9006(a) academic. The court considered its jurisdiction to hear the matter but ultimately concluded that the appellant was not entitled to relief under Rule 60(b). *See* 57 B.R. 341 (Bankr.S.D.Fla.1986). As noted, this issue is academic in light of this court's ruling on the application of Rule 9006(a) to § 546(a), however it should be observed that 60(b) is designed to correct just the type of error that occurred in the instant case. Notwithstanding the stipulation of the appellant that the time of § 702 appointment was May 18, 1983 instead of June 27, 1983, this error was one which the court could and should have recognized as coming within the scope of Rule 60(b). *United States v. Gould*, 301 F.2d 353 (5th Cir.1962); *Seven*

---

**2.** Rule 9006(a) provides that the day from which the designated period of time begins to run shall be excluded and the last day shall be included, unless it is a Saturday, Sunday or legal holiday, in which case the period runs to the next day which is not a Saturday, Sunday or legal holiday. If Rule 9006(b) were to be used, the first day of the period would be May 19, 1983 and the last day of the period would be May 18, 1985 which was a Saturday, thus extending the time to May 20, 1985, the day the complaint was filed.

*Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir.1981).

For the reasons stated herein, the orders of the bankruptcy judge are reversed and this cause is remanded with instructions to vacate the prior orders and reinstate the complaint to avoid a preference.