In re KAELIN ASSOCIATES ELECTRICAL CONSTRUCTION, INC., Debtor.

Fred W. ZIMMERMAN,
Trustee, Plaintiff,

v.

NATIONAL ELECTRICAL
BENEFIT FUND

and

I.B.E.W. Local Union 98, and Board of Trustees National Electrical Benefit Fund, and Fidelity Bank, Corporate Trustee, and I.B.E.W. Local Union 98 Electrical Benefit Fund, and Trustee of I.B.E.W. Local Union 98 Electrical Benefit Fund, Defendants.

Bankruptcy No. 81–00441F.
Adv. No. 86–1301F.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 20, 1987.

Peter C. Cilio, Matthew D'Annunzio, Rubin, Quinn & Moss, Philadelphia, Pa., for plaintiff/trustee, Fred Zimmerman.

Michael G. Neri, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants.

## OPINION

**BRUCE FOX, Bankruptcy Judge:**

The narrow issues before me stem from a motion to dismiss filed by defendants in response to a complaint to recover allegedly preferential transfers. For purposes of this motion, the relevant facts are not in dispute.

On February 9, 1981, the debtor filed a voluntary bankruptcy petition under chapter 11 and operated its business as debtor in possession. 11 U.S.C. § 1107. The case was converted to chapter 7 on April 18, 1984. On November 2, 1984, the plaintiff, Fred Zimmerman, was appointed interim trustee pursuant to 11 U.S.C. § 701. No meeting of creditors under section 341 had been held as of the date this complaint was filed and so no permanent trustee had been chosen under section 702 as of that date.[1]

## I.

On November 3, 1986[2] the trustee commenced various adversary proceedings against the defendants here as well as other defendants[3] based upon 11 U.S.C. § 547. Defendants have argued that these adversary proceedings are time barred by the two year limitations period established by 11 U.S.C. § 546(a). According to defendants, the statute of limitations for the trustee's filing of preference action expired on November 2, 1986. The trustee counters by arguing that November 2, 1986 was

---

1. For reasons not clear from the record, a meeting of creditors was first held on February 12, 1987. No reason was offered for this lengthy delay.

2. To be precise, the record reflects that the trustee's complaint was filed on the evening of November 3, 1986 in the "night box" established by the district court. The district court then forwarded the complaint to bankruptcy court where it was also time stamped on November 4, 1986. Defendants argue from this sequence that the complaint was not filed until November 4, 1986, relying upon Bankr.Rule 9001(4). Of course, this rule predates the changes wrought by *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333. (BAFJA).

Since the passage of Rule 9001(4), the bankruptcy clerk's office for this district has been merged into the district court clerk's office. *See In re Bankruptcy Court Administration* (order dated November 12, 1985 (E.D.Pa.)). Thus, for purposes of proper filing, Bankr. Rule 9001(4) is complied with in this district by a filing made with the district court clerk. *See* Proposed Bankr.Rule 9001(4). Furthermore, even if there had been no substantive consolidation between the two clerks' offices, Bankr.Rule 5005(b) would permit a filing made with the district court clerk to be proper and timely. *See also Freeman v. Giacomo Costa Fu Andrea*, 282 F.Supp. 525 (E.D.Pa. 1968) (arrival of pleading at courthouse hallway deemed filing).

3. Similar complaints were filed at Adversary Numbers 86–1302, 86–1303, 86–1305, 86–1309 and 86–1316.

a Sunday and that the last day for filing his complaint was Monday, November 3, 1986. In this regard, the trustee relies upon Bankr.Rule 9006(a).[4] The trustee also argues that the two year limitations period begins to run only from the date a permanent trustee is chosen or appointed, and not from the date an interim trustee is appointed.[5]

■ Defendants rely heavily on the reported bankruptcy court decision in *In re Oro Import Co.*, 52 B.R. 357 (Bankr.S.D. Fla.1985), a case which held that Rule 9006(a) does not apply to the two year limitations period because the rule is merely procedural and the limitations period of section 546(a) is substantive. However, computer assisted research reveals that the bankruptcy court decision in *Oro Import* was later reversed by the district court. *In re Oro Import Co.*, 69 B.R. 6 (S.D.Fla. 1986). The district court noted in its opinion that the only other court which has ruled on this precise issue has held that section 546(a) should be construed consistently with Rule 9006(a). *In re Butcher*, 57 B.R. 101 (Bankr.E.D.Tenn.1985).

After considering the rationales of both bankruptcy court opinions on this issue, the district court reversal, as well as the relevant caselaw in this circuit under Fed.R. Civ.P. 6, I conclude that the trustee's complaint was timely filed in this case.

Bankr.Rule 9006(a) is derived from Rule 6 of the Federal Rules of Civil Procedure. Over the years, various courts have faced the question whether Rule 6 has any relevance in interpreting federal nonbankruptcy limitations periods. The majority of courts have held that, unless Congress has expressly stated otherwise, the computational scheme set out in Rule 6 will apply to federal limitations statutes. *See* 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1163 (1969) ("Wright & Miller"); 2 J. Moore; *Federal Practice* ¶ 6.06[2] (2d ed. 1986) ("Moore"). Those courts have reached this result by two slightly different paths.

One approach views Rule 6 as an express tool of statutory construction, to be used in interpreting federal limitations statutes:

> [The federal statute] does not contain a time computation rule. It does not say whether the day of the liability causing event is included or excluded. It says nothing about weekends or holidays at the end of the two year period. Both with its beginning and with its end interpretation is required.... [N]o more satisfactory rule has been called to our attention than that, approved by Congress, and announced in Rule 6(a). That rule, excluding at the front end the day of the critical event, and excluding at the back end Saturdays, Sundays, and legal holidays, provides certainty, and if uniformly applied uniformity.

*Frey v. Woodard*, 748 F.2d 173, 175 (3d Cir.1984); *accord, e.g., Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145, 150 (E.D.Pa.1981), *aff'd*, 688 F.2d 822 (3d Cir.1982); *see* Wright & Miller § 1163. *Contra Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980).[6]

---

**4.** Bankr.Rule 9006(a) states in relevant part:
> *Computation.* In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday....

**5.** All parties implicitly acknowledge that 11 U.S.C. § 546(a) does not apply to a debtor in possession. *Accord, Steel, Inc. v. Windstein*, 55 B.R. 426 (Bankr.E.D.La.1985); *In re J.E. Jennings, Inc.*, 46 B.R. 167 (Bankr.E.D.Pa.1985); *In re One Marketing Co.*, 17 B.R. 738 (Bankr.S.D. Tex.1982); 4 *Collier on Bankruptcy*, ¶ 546.02[2] (15th ed. 1986). *But see In re Korvettes, Inc.*, 42 B.R. 217 (Bankr.S.D.N.Y.1984).

**6.** Defendants' reliance upon *Bartholomew v. Northampton Nat'l Bank*, 584 F.2d 1288 (3d Cir. 1978) is misplaced. In that opinion, the Third Circuit held that, for purposes of 15 U.S.C. § 1640(e), the statute of limitations for Truth-in-Lending actions begins to run on the date the disclosures are given, not on the date the borrower realizes that the disclosures are erroneous.

The other approach expresses some doubts whether Rule 6, by its own terms, applies expressly to statutory limitations periods, but concludes that the substance of Rule 6 comports with the general common law rule of computation and may be adopted by analogy. *Bledsoe v. Department of Housing and Urban Development,* 398 F.Supp. 315 (E.D.Pa.1975), *citing* 51 Am.Jur.2d, *Limitation on Actions,* §§ 58–60 (1970) and 86 C.J.S., *Time* §§ 13(1), 13(3), 13(11), 14(2), 14(3), 14(9) (1954).

By either approach, the methodology set forth in Bankr.Rule 9006(a) should be used to compute the meaning of the phrase of "two years" set out in 11 U.S.C., § 546(a). *See In re Gotham Provision Co.,* 669 F.2d 1000, 1014 (5th Cir.1982), *cert. denied,* 459 U.S. 858, 103 S.Ct. 129, 74 L.Ed.2d 111 (1982) (Rule 6 is used to compute expiration of thirty day notice period). And, there is no legislative history to conclude that Congress intended otherwise. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 86 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787; *In re Afco Development Corp.,* 65 B.R. 781 (Bankr.D.Utah 1986). Thus, the trustee's complaint was timely filed.[7]

## II.

■ Defendants also argue that even if the trustee's complaint were timely filed, this filing would not toll the two year limitations period. Rather, defendants contend that service of process must also be made prior to the expiration of the statutory period. No decisions are cited in support of this position, nor do defendants argue that the trustee failed to promptly serve them with the complaint and summons. I must reject this argument for two reasons—one is textual and the other is by analogy from federal nonbankruptcy law decisions.

First, section 546(a) requires that a trustee "commence" an action or proceeding within two years. In accordance with Bankr.Rule 7003 (which incorporates Fed. R.Civ.P. 3), an adversary proceeding is commenced by the filing of a complaint. Thus, once the complaint is filed, the limitations period is tolled.

Second, as with defendants' argument regarding the method of computing limitations periods, there have been many reported decisions concerning the meaning of Rule 3 and whether filing a complaint tolls the statute of limitations. Uniformly, courts have rejected defendants' position that service must be made before the statute is tolled. *Accord, e.g., Caldwell v. Martin Marietta Corp.,* 632 F.2d 1184 (5th Cir.1980); *Benn v. Linden Crane Corp.,* 370 F.Supp. 1269, 1279 (E.D.Pa.1973); *Newhart v. George F. Hellick Coffee Co.,* 325 F.Supp. 1047 (E.D.Pa.1971); *Newberg v. American Dryer Corp.,* 195 F.Supp. 345, 351 (E.D.Pa.1961). While some decisions require that service of process be made with due diligence in order to toll the statute, *see e.g., Newhart v. George F. Hellick Coffee Co.,*[8] there is no requirement that service be made within the limitations period itself. Thus, defendants' motion to dismiss the complaint for failure to make timely service must also be denied.

## III.

■ Finally, defendants contend that the trustee has failed to plead all of the elements of a preference action under section 547. Specifically, defendants assert that the trustee's use of the term "alleged" when referring to the antecedent debt on account of which the claimed preferential transfer was made, *see* 11 U.S.C. § 547(b)(2), renders the complaint defective.

Bankr.Rule 7008 and Fed.R.Civ.P. 8 require only a "short and plain statement" of

7. Therefore, I need not reach the trustee's alternative argument—that section 546(a) applies only after a permanent trustee is chosen under 11 U.S.C. § 702 and not when an interim trustee is appointed under 11 U.S.C. § 701. *See, e.g., In re Afco Development Corp.,* 65 B.R. 781 (Bankr.

D.Utah 1986); *Matter of Killian Construction Co.,* 24 B.R. 848 (Bankr.D.Idaho 1982).

8. I need not reach this issue in deciding this motion to dismiss.

the claim showing that the pleader is entitled to relief. The purpose of this rule is to give the adverse party fair notice of the claim asserted to enable the party to answer and prepare for trial. "There is no requirement that the pleading state 'facts,' or 'ultimate facts,' or 'facts sufficient to constitute a cause of action.'" 2A Moore ¶ 8.13, at 8–60 (footnote omitted). Upon review of the complaint, I am satisfied that the trustee has provided defendants with sufficient notice of his claim.[9]

In any event, I note also that the trustee has responded to this argument by stating that the use of the term "alleged" was inadvertent. He proposes to amend his complaint to delete that word. Even if the complaint were dismissed, as defendants request, it would be proper to grant the trustee leave to amend his complaint. *E.g.,* 3 Moore ¶ 15.10. In these circumstances, I will deny defendants' motion and grant the trustee leave to file an amended complaint which corrects the phrasing to which defendants have objected.

### IV.

For the reasons set forth above, defendants' motion to dismiss will be denied. Orders consistent with this opinion will also be entered in Adversary Nos. 86–1302F, 86–1303F, 86–1305F, 86–1309F and 86–1316.

---

**9.** For the same reason, I reject defendants' argument that the complaint is defective because it does not specifically state that defendants were "creditors" of the debtor at the time of the challenged transfers or set forth the particular dates of the transfers within the ninety day period before the filing of the bankruptcy petition.