**In re SHAPE, INC., Shape Optimedia, Inc., Debtors.**

**William A. BRANDT, Jr., Plaintiff,**

**v.**

**Anthony L. GELARDI and Paul J. Gelardi, Defendants.**

**Bankruptcy Nos. 88–20388, 88–20389. Adv. No. 91–2070.**

United States Bankruptcy Court, D. Maine.

April 8, 1992.

---

See also 135 B.R. 707.

Michael B. Roitman, Cohn, Roitman & Kelakos, Boston, Mass., for debtors.

Charles W. Morse, Jr., Friedman & Atherton, Boston, Mass., for Anthony L. Gelardi.

David A. Soley, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for Paul J. Gelardi.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

Presently before the Court is a motion by Plaintiff William A. Brandt, Jr. ("Trustee") for leave of court to amend the complaint in this pending adversary proceeding. The original complaint contained various counts against Defendants Anthony L. Gelardi ("ALG") and Paul J. Gelardi ("PJG").[1] The amended complaint asserts additional claims against the Defendants, including preferential and fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548, respectively. Both Defendants have objected to the motion to amend, but on separate grounds.

### FACTS

On November 7, 1988, Shape, Inc. filed a voluntary petition for reorganization under Chapter 11, and thereafter continued to manage its business as a debtor-in-possession pursuant to § 1107. The Trustee was appointed months later on January 23, 1989, and such appointment was approved by this Court on February 1, 1989.

On January 8, 1991, the Trustee filed a motion for an order authorizing him to enter into "tolling agreements" with various parties to extend into January of 1992 the time for filing certain potential preferential and fraudulent transfer claims. An expedited telephonic hearing was held on this motion on January 9, 1991, after which the motion was granted and the Order Authorizing the Trustee to Enter Into Agreements Concerning Statutes of Limitation was entered. As a result, the Trustee executed such an agreement with each defendant.

---

1. The original complaint contained only one count against PJG, whose Motion To Dismiss Or, In The Alternative, For Summary Judgment, was recently granted by this Court in a Memorandum of Decision and an Order, both dated March 18, 1992.

The order provided, *inter alia*, that such agreements, when executed, were to have the same force and effect as an order of this Court. Due to the shortened notice given prior to the hearing, the order further provided for any objecting party to file a motion for reconsideration by January 22, 1991, but no such motion was filed.[2]

This adversary proceeding was originally commenced on July 1, 1991, and the amended complaint accompanying the motion to amend was filed August 21, 1991.

## DISCUSSION

Federal Rule of Bankruptcy Procedure ("F.R.Bky.P.") 7015(a) provides that under certain circumstances, a party may amend a pleading by leave of court, which "shall be freely given when justice so requires."

### I. PJG'S OBJECTION

■ PJG opposes the Trustee's motion to amend on the grounds that the amended complaint is prejudicial and has been filed in bad faith. This Court finds no prejudice to the Defendants or bad faith by the Trustee and, in light of the liberal construction of F.R.Bky.P. 7015, overrules PJG's objection.

### II. ALG'S OBJECTION

ALG objects to the motion to amend on the ground that the avoidable preference and fraudulent transfer counts (the "Actions") in the amended complaint are time-barred by the Code's own statute of limitations as set forth in § 546(a). Although amendments to pleadings should be allowed under broad circumstances, it would be a waste of time to "freely" allow claims to be added if such claims would be quickly dismissed because, among other reasons, they were not timely brought. Thus, ALG's substantive objection will be considered here.

Section 546(a) reads in part: "An action or proceeding under Section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—(1) two years after the appointment of a trustee under section ... 1104 ... of this title; or (2) the time the case is closed or dismissed." Because this bankruptcy case is still pending, the operative section is the two year period described in § 546(a)(1).

ALG's objection is two-fold. First, he contends that the two year period began not with the appointment of the Trustee, but when Debtors originally filed and became debtors-in-possession, thereby giving rise to a "constructive" trustee through the interaction of §§ 1107 and 1104. Under this theory, the two year period ended in November, 1990, well before the amended complaint was filed and shortly prior to the execution of the parties' extension agreement.

ALG further argues that the private agreement between the parties is nonetheless invalid because this Court's authorization was *ultra vires*. ALG reasons that § 546 is a grant of subject-matter jurisdiction which may not be extended by the parties, and the running of which operates as a bar to this Court's authority to entertain the Actions. Thus, even if the two year period began upon the Trustee's appointment, the time for bringing the Actions expired in January, 1991, some seven months before the filing of the amended complaint.

The nature of § 546(a) is an issue both raised and decided at the January 9, 1991 expedited hearing. By granting the motion, this Court necessarily implied that the section constituted a statute of limitations capable of being extended by agreement. The January 9, 1991 order was neither requested to be reconsidered, nor was it appealed. Thus, at a minimum, that decision is law of the case binding upon the parties

---

**2.** ALG argues that he failed to receive notice of this expedited hearing which, from the certificate of service filed with that motion, appears to be true. However, given that he was a party to the proposed agreement, it was reasonable for the Trustee to assume his consent for purposes of the expedited motion. Furthermore, ALG

had ample opportunity to have the order reconsidered after the hearing. ALG also notes that neither the motion nor the order specified either defendant or § 546(a), discussed *infra*. However, the agreements themselves contained these references.

and this Court. A more detailed discussion follows.

### A. § 546 as a Statute of Limitations or a Jurisdictional Bar

■ First, this Court will address the issue of whether § 546(a) is a statute of limitations which may be extended by agreement of the parties, or a grant of jurisdiction which leaves this Court without authority to hear the Actions once the two years has expired. This presents a question of first impression in this Court, and has rarely been discussed in other jurisdictions.

ALG suggests that this Court should adopt the position taken by the Court of Appeals for the Sixth Circuit in *In re Butcher*, 829 F.2d 596 (6th Cir.1987), *cert. denied*, 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988). In that case, the court declined to apply F.R.Bky.P. 9006(a) to enlarge the time prescribed in § 546(a) and concluded that "[i]f a complaint seeking to avoid a preferential or fraudulent transfer is not filed in accordance with section 546(a), a bankruptcy court has no jurisdiction to hear the action." *Id.* at 600. *See also In re Frascatore*, 98 B.R. 710 (Bankr.E.D.Pa.1989); *In re Oro Import Co., Inc.*, 52 B.R. 357 (Bankr.S.D.Fla.1985), *rev'd on other grounds*, 69 B.R. 6 (S.D.Fla. 1986). This Court, however, believes that § 546(a) is a true statute of limitations which, contrary to the jurisdictional concepts alluded to in *Butcher*, is simply a procedural limitation upon certain rights of a trustee.

The legislative history is sparse, but indicates that the subsection "adds a statute of limitations to the use by the trustee of the avoiding powers." S.Rep. No. 989, 95th Cong., 2d Sess. 87 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5873. The Senate Report is silent as to any intended jurisdictional limits. Jurisdiction for all proceedings arising under title 11 is grant-ed to the bankruptcy court through 28 U.S.C. §§ 1334 and 157(a).

Several cases have construed § 549(d), the applicable limitations period on the trustee's power to avoid post-petition transfers. The language of §§ 546(a) and 549(d)[3] is almost identical, the sole difference being the event which triggers the start of the time period. Thus, cases discussing § 549(d) also shed light on the present matter. *Smith v. Mark Twain Nat'l Bank*, 805 F.2d 278 (8th Cir.1986), presented the question of whether a certain turnover action was time-barred by § 549(d). The court raised the issue of equitable estoppel *sua sponte*, noting that this doctrine is not applicable to time limits which are jurisdictional. In concluding that equitable estoppel does operate to toll this limitations period, the court held that § 549(d) is a true statute of limitations. *Id.* at 293–94.

Given the legislative history and the opinion expressed in the foregoing case, this Court finds no reason to interpret § 546(a) as a jurisdictional grant. Instead, this section prescribes a statute of limitations which, like any other, may be extended by agreement of the parties.[4]

### B. Commencement of the Two-Year Period under § 546

■ For the purposes of the present case, this Court finds it unnecessary to decide the issue of whether the two year period specified in § 546 began when Debtors filed for reorganization or upon the Trustee's subsequent appointment. In either case, the Defendants must be held to their bargains for the following reasons. The expiration of a statute of limitations is an affirmative defense which may be waived by a defendant who fails to assert it. By the same token, opposing parties may enter into an agreement whereby one promises to waive such a defense in ex-

---

**3.** Section 549(d) reads: An action or proceeding under this section may not be commenced after the earlier of—

    (1) two years after the date of the transfer sought to be avoided; or

    (2) the time the case is closed or dismissed.

**4.** In fact, *In re Mid Atlantic Fund, Inc.*, 60 B.R. 604 (Bankr.S.D.N.Y.1986) presented a similar fact pattern wherein the Chapter 11 Trustee entered into, and received court approval of, a stipulation with certain creditors to extend the § 546(a)(1) period.

change for the other's forbearance from commencing suit for a certain time period.

■ This Court assumes that when the parties entered into the above agreement, it was at least questionable whether the statute of limitations had expired. Therefore, a promise for forbearance in consideration of a waiver of the affirmative limitations defense is not an unreasonable interpretation of the agreement struck by the parties, and such agreement should be enforced.

Furthermore, by entering into the agreement, the Defendants are now equitably estopped from arguing otherwise or asserting § 546 defensively.[5] "[O]ne may be 'estopped from denying the consequences of his conduct where that conduct has been such as to induce another to change his position in good faith or such that a reasonable man would rely upon the representations made.'" *Clauson v. Smith,* 823 F.2d 660, 662 (1st Cir.1987), *citing Bergeron v. Mansour,* 152 F.2d 27, 30 (1st Cir.1945).

Defendants voluntarily agreed in writing to extend the limitations period for an additional year with court approval. The Trustee then timely brought the claims within the stipulated period. It would be extremely inequitable to allow ALG to successfully defend these claims on the grounds that they are time-barred when, by his own conduct, ALG lulled the Trustee into forbearance from bringing the current Actions.

Based upon this Court's conclusions, the Trustee's Motion for Leave to Amend the Complaint is granted over Defendants' objections.

The foregoing constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

An appropriate order shall issue.

---

5. In this general context, equitable estoppel may only be asserted to excuse one from compliance with statutory time limitations which are not deemed jurisdictional in nature. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Smith v. Mark Twain Nat'l Bank,* 805 F.2d 278 (8th Cir. 1986). Having already concluded that § 546 is not jurisdictional, there is no bar to this court's application of this doctrine.

## ORDER

In accordance with a Memorandum of Decision of even date herewith, the Trustee's Motion for Leave to Amend the Complaint is hereby granted over Defendants' objections.