**In re M & L BUSINESS MACHINES, INC., Debtor.**

**AMAZING ENTERPRISES, Bonnie Andrikopoulos, Samuel Avital, John Baker, Gary Bozlinski, Colleen Bozlinski, Barbara Bronk, Martha Carroll, Laverne Charvat, Jeff Cook, Jerry Cooper, Roger Crane, Vernon Crow, William Kilton Crow, Ruth Crow, Christine Davis, Tammy Davis, Robert J. Edwards, Phyllis C. Edwards, Mark Engle, Debbie Engle, Susan Evans, Bernie Gable, Kenda Gable, James F. Gavegan, Arlene Gavegan, Alan R. Ham, Paul Harris, Janet Eden–Harris, Georg Heine, Jane Holden, W.E. Horner, Mar-**

---

garet Howe, Kristen Hughes, Elizabeth Hummel, Katherine Hunt, Investiture, Jeff Jurich, Richard Kimble, Cassandra Kimble, Jeff Kirsh, Lory Kohn, Eliot Lowey, Kathleen McCray, Mark McCray, Claire A. McElwee, John McFadden, Barry McGriff, Perry McKay, David Meeker, Athanasisos Moulakis, Ron Mullins, Pat Ogden, Chris Oliver, Jeff Oliver, Kenneth L. Oliver, Joanne C. Oliver, Eric Pleace, Priscilla Porter, Charles Portillo, Evelyn Portillo, Zahirudeen Premji, Geoffrey Rubenstein, Tom Shor, Donna Shor, Mark Smith, Christos Stathis, Steven J. Troy, Ed Walker and Steve Sinber, Plaintiffs,

v.

Christine J. JOBIN, Trustee, Defendant.

No. 92–K–286.
Bankruptcy No. 90 15491 CEM.
Adv. No. 91 1504 PAC.

United States District Court,
D. Colorado.

April 9, 1993.

Craig A. Weinberg, Stevens, Littman & Biddison, Boulder, CO, for plaintiffs.

Christine J. Jobin, Katch, Sender, Wasserman & Jobin, Denver, CO, trustee.

### MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

This matter is before me on Plaintiff's motion to dismiss Trustee Christine J. Jobin's appeal from the bankruptcy court's January 28, 1992 order. 136 B.R. 271. In that order, the bankruptcy court granted Plaintiffs' motion for summary judgment in their action against the Trustee for declaratory relief. The court held that Plaintiffs' claims against alleged insiders of debtor M & L Business Machines, Inc. were personal to them and that the Trustee had no standing to assert them under § 544 of the Bankruptcy Code. Plaintiffs argue that the Trustee's appeal of this decision is moot because the two year statute of limitations has expired on any § 544 action she could now bring. I deny the motion to dismiss.

### I. *Facts.*

On October 1, 1990, M & L filed its petition for relief under Chapter 7 of the Code. Shortly thereafter it converted the case to Chapter 11. Jobin was appointed Chapter 11 trustee on December 18, 1990. She converted the case back to Chapter 7 on September 26, 1991 and was reappointed as Chapter 7 trustee on that date.

Plaintiffs are individuals and entities that invested in M & L and are unsecured creditors in M & L's bankruptcy. In March and July of 1991, they filed two lawsuits in state court against former officers, insiders, lenders and accountants for M & L, alleging claims relating to a purported Ponzi scheme. On July 2, 1991, Plaintiffs filed the instant adversary proceeding in bankruptcy court because the Trustee was threatening to enjoin the state court actions. Plaintiffs sought a declaration that their state court claims were personal to them and not assets of the estate and that the Trustee had no standing to pursue them. The bankruptcy court agreed and in its January 28, 1992 ruling granted summary judgment against the Trustee. To date, the Trustee has not attempted to file any § 544 actions asserting these claims.

### II. *Mootness of Appeal.*

Plaintiffs' sole argument in this motion to dismiss is that the Trustee's appeal is moot because, even if she prevails, she cannot bring a § 544 action because the statute of limitations has expired. Section § 546 of the Code sets forth the statute of limitations for the Trustee's avoidance powers, including those under § 544. Under this section, the Trustee must commence an avoidance action within two years of her appointment as trustee or before the case is closed or dismissed, whichever occurs first. *See* 11 U.S.C. § 546(a)(1).

Plaintiffs argue that the statute of limitations expired on December 18, 1992, two years after Jobin was appointed Chapter 11 trustee. The Trustee disagrees. She contends that the limitations period does not run until September 26, 1993, two years after she converted the case to Chapter 7 and was then reappointed as Chapter 7 Trustee. Courts are split on this issue.

Although at least one court has weighed the authority differently, *see Steege v. Lyons (In re Lyons)*, 130 B.R. 272 (Bankr. N.D.Ill.1991) (following "majority view" that limitations period does not run anew when successor trustee is appointed), most courts hold that the latest date a trustee is appointed governs, particularly in bankruptcy cases, such as this, which have been converted from one chapter to another. For example, in *Martino v. Assco Associates, Inc. (In re SSS Enterprises, Inc.)*, 145 B.R. 915, 918 (Bankr.N.D.Ill.1992), the court held that a fresh two-year limitations period began when a second trustee was appointed in a newly converted case, recognizing that "Chapter 11 and Chapter 7 trustees may have very different views in deciding whether or not to pursue a potential avoiding power claim." *See also Nichols v. Wood (In re Wood)*, 113 B.R. 253, 255 (S.D.Miss.1990) ("weight of authority" holds that later date controls); *Stuart v. Pingree (In re Afco Dev. Corp)*, 65 B.R.

781 (Bankr.D.Utah 1986) (legislative history of § 546 dictates that trustee has two years from date of his second appointment within which to commence preference action.) *But see Strell v. Weston (In re Sandra Cotton),* 92 B.R. 595 (Bankr. W.D.N.Y.1988). Since the trustee's role is different in a Chapter 7 than in a Chapter 11 case, I will follow *In re SSS Enterprises* to hold that the statute of limitations has not expired.

■ Two other points bear noting. First, the limitations period established in § 546 is not jurisdictional, can be waived, and is subject to the doctrines of equitable estoppel, *see Brandt v. Gelardi (In re Shape, Inc.),* 138 B.R. 334, 337 (Bankr. D.Me.1992) and equitable tolling, *see, e.g. Caughey v. Succa (In re Succa),* 125 B.R. 168, 172 (Bankr.W.D.Tex.1991). By asserting the statute of limitations issue here, Plaintiffs raise a defense that belongs to, and could be waived by, the defendants to any § 544 action. Thus, it is possible that the limitations issue would never arise if the Trustee prevails in this appeal.

■ Second, the limitations period is also subject to the doctrine of equitable tolling. The Trustee timidly argues that the statute of limitations is tolled during this appeal, but cites no authority to support her position.[1] Plaintiffs respond that they "are unaware of any law to the effect that a Trustee's two year limitation period is tolled during the pendency of an appeal." (Reply Defendant–Appellant's Obj. Re: Mot. Dismiss Appeal at 2). I disagree.

■ Federal courts apply the doctrine of equitable tolling not only in the traditional sense when the defendant's fraudulent concealment prevented the plaintiff from discovering the facts essential to his claims, but when "extraordinary circumstances beyond plaintiffs' control made it impossible

to file the claims on time." *Seattle Audubon Soc'y v. Robertson,* 931 F.2d 590, 595 (9th Cir.1991), *rev'd on other grounds,* —— U.S. ——, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992); *see also Forti v. Suarez–Mason,* 672 F.Supp. 1531, 1549–50 (N.D.Cal.1987). Thus, "[t]he pendency of other legal proceedings ordinarily tolls limitations of a cause of action where such proceeding prevents enforcement of the remedy by action." 54 C.J.S. *Limitations of Action* § 121 (1987); *see, e.g., Seattle Audubon Society v. Robertson,* 931 F.2d at 597; *Flying Tiger Line, Inc. v. Central States, Southwest & Southeast Areas Pension Fund,* 659 F.Supp. 13 (D.Del.1986) (plaintiff's declaratory judgment action contesting its status as employer under ERISA tolled limitations period for other claims under that statute), *aff'd* 830 F.2d 1241 (3d Cir.1987).

Here, Plaintiffs filed their declaratory judgment action expressly to prevent the Trustee from bringing the claims under § 544. They prevailed in the bankruptcy court. The Trustee timely appealed that decision. In the face of the bankruptcy court's ruling that she lacks standing, it would have been a waste of the Trustee and the court's time for her to have initiated any facially invalid § 544 proceedings. Since the Trustee has diligently pursued her rights in this case and timely appealed the bankruptcy court's order denying her standing, any future § 544 action should not be time-barred. For these reasons, I deny Plaintiffs' motion to dismiss this appeal.

---

1. The Trustee makes two additional arguments. First, she alleges that Plaintiffs' counsel violated Local Rule 7.1 A by not conferring with her before filing the motion to dismiss. In quoting the text of the rule, however, she omits language excluding motions to dismiss and for summary judgment from its coverage.

Second, the Trustee asserts that she should be permitted to take advantage of state statutes of limitations on these claims, which are longer than the two-year period provided in § 546. The limitations period for avoidance actions is a matter of federal, not state, law. The two-year period of § 546 controls. *See Mahoney, Trocki & Assocs., Inc. v. Kunzman (In re Mahoney, Trocki & Assocs., Inc.),* 111 B.R. 914, 918 (Bankr.S.D.Cal.1990).