**In re Barton Howard KLAYMAN, Debtor.**

**Stephany Carr, Trustee, Plaintiff,**

v.

**Barton Howard Klayman, Indiana Limited And John Doe No. 1, Defendants.**

**Bankruptcy No. 96–13075–9P7.**

**Adversary No. 98–614.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Jan. 7, 1999.

### ORDER ON BARTON HOWARD KLAYMAN'S MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is the Defendant, Barton Howard Klayman's (Debtor) Motion to Dismiss the above-captioned Adversary Proceeding. The Complaint sought to be dismissed was filed by Stephanie Carr, the Trustee of the Debtor's estate. The Trustee, in her four-count Complaint, seeks to avoid a transfer alleged to be fraudulent pursuant to 11 U.S.C. § 544(b) and Fla. Stat. § 726.105(1)(a) in Count I; 11 U.S.C. § 544 and Fla. Stat. § 726.105(b) in Count II; 11 U.S.C. § 544 and Fla. Stat. § 726.106(1) in Count III; and 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(a) in Count IV. In addition to naming the Debtor as a defendant, the

Trustee also named as co-defendants, Indiana Limited without further identification and John Doe No 1.

The Debtor in his Motion to Dismiss contends that all claims asserted by the Trustee in her Complaint are time barred because they were not filed within the two year limitations period fixed by 11 U.S.C. § 546(a). In opposition to the Motion, the Trustee contends that while it is true that the Complaint was not filed within the time fixed by 11 U.S.C. § 546, the Debtor waived the limitation and that, therefore, the adversary proceeding should not be dismissed based on Section 546(a). The facts controlling this controversy, as they appear from the record, are without dispute and are as follows:

The voluntary Petition for Relief was filed by the Debtor on September 30, 1996, which is the date of the entry of the Order for Relief. The last date to file a fraudulent transfer action was two years from the date of the Order for Relief or October 1, 1998.

It was not until October 7, 1998, after the expiration of the two-year period for filing a fraudulent transfer action under 11 U.S.C. § 544, as fixed by 11 U.S.C. § 546(a), that the Trustee filed a Motion for Extension of Time to File Action, seeking an extension of time to file the instant adversary proceeding. At that time, the Debtor could have objected to the extension on the basis that the Motion for Extension was untimely filed, having been filed after the expiration of the two-year period. However, the Debtor failed to do so, and an Order was entered on October 20, 1998 extending the time to file until November 1, 1998. The Debtor did not file a motion to reconsider the October 20, 1998 Order. The Trustee filed her Complaint on November 2, 1998.

The Motion to Dismiss, as noted earlier, is partially based on 11 U.S.C. § 546(a), which provides in pertinent part,

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

The true nature of the time limit set forth in 11 U.S.C. § 546(a) has been considered by several courts. In the case of *In re Butcher*, 829 F.2d 596 (6th Cir.1987), cert. denied 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988), the Sixth Circuit Court of Appeals held that Section 546(a) was jurisdictional and if the avoidance action was not brought within the two years fixed by Section 546, the bankruptcy court had no jurisdiction to entertain the complaint to avoid the transfer. *Id.* at 600. Other cases have adopted this view. *See Matter of Railway Reorganization Estate, Inc.*, 133 B.R. 578 (Bankr.Del. 1991); *In re Frascatore*, 98 B.R. 710 (Bankr.E.D.Pa.1989)(dicta); *In re Oro Import Co.*, 52 B.R. 357 (Bankr.S.D.Fla.1985) rev'd on other grounds 69 B.R. 6 (S.D.Fla. 1986).

The majority view is contrary to *Butcher, supra*, treating Sec. 546(a) as a true statute of limitations. *See In re M & L Business Machines, Inc.*, 153 B.R. 308, 311 (Bankr.D.Colo.1993)(Section 546 "is not jurisdictional, can be waived, and is subject to the doctrines of equitable estoppel, ... and equitable tolling."), affirmed 160 B.R. 850 (D.Co. 1993); *In re Shape, Inc.*, 138 B.R. 334 (Bankr.Me.1992)(Section 546 is a statute of limitations which may be extended by agreement of the parties rather than jurisdictional bar.)

The case of *In re Pugh*, 158 F.3d 530 (11th Cir.1998), which is binding precedent for courts within this Circuit, follows the majority view. In *Pugh*, the Eleventh Circuit Court of Appeals decided the specific issue, "Do the limitations periods prescribed in 11 U.S.C. §§ 546(a) and 549(d) operate to divest a bankruptcy court of subject matter jurisdiction once they have elapsed, or do these periods constitute statutes of limitations that can be waived?" *Id.* at 530. The

Court held that the provisions are true statute of limitations that can be waived. *Id.* at 536.

In the present instance, the Trustee's Motion to Extend the time to file the Complaint was filed after the expiration of the two-year statute of limitations fixed by Section 546(a). However, the Debtor failed to interpose an objection to the Trustee's Motion and the extension was granted. Thus, the Debtor waived the defense, the Motion to Dismiss is not well taken and, therefore, should be denied.

Accordingly it is

ORDERED, ADJUDGED AND DECREED that Defendant, Barton Howard Klayman's Motion to Dismiss be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Defendant, Barton Howard Klayman shall have fifteen (15) days from the date of the entry of this Order to file and serve his answers to the Complaint. Upon the filing of an answer, a pre-trial conference shall be scheduled by this Court.