In re FRANKLIN–LEE HOMES,
INC., Debtor.

FRANKLIN–LEE HOMES,
INC., Plaintiff,

v.

CENTRAL CAROLINA
BANK, Defendant.

Bankruptcy No. 86–02832–S05.
Adv. No. S–88–0257–AP.

United States Bankruptcy Court,
E.D. North Carolina.

May 19, 1989.

Algernon L. Butler, Jr., Wilmington, N.C., Attorney for plaintiff.

Richard F. Prentis, Jr., Durham, N.C., for defendant.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the "Motion to Set Aside Default Judgment" filed on April 6, 1989, by Central Carolina Bank ("CCB"), the defendant in this adversary proceeding. After proper notice, a hearing was held in Raleigh, North Carolina, on May 3, 1989.

There is no dispute as to the essential facts surrounding this motion. On December 9, 1986, Franklin–Lee Homes, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code. On December 8, 1988, the debtor filed an adversary proceeding against CCB which sought to recover funds which the debtor had caused to be transferred to CCB on the grounds that those transfers where preferential within the meaning of 11 U.S.C. § 547 or fraudulent within the meaning of 11 U.S.C. § 548. When CCB failed to respond to the adversary proceeding complaint within the time limit of 30 days, an application for judgment by default was filed by the debtor on January 25, 1989, default was entered against CCB on February 2, 1989, and then a default judgment was entered on February 3, 1989, which awarded the debtor $409,209 plus interest and costs. CCB filed its motion to set aside the default judgment on April 6, 1989.

It is undisputed that the plaintiff served the summons and complaint in this adversary proceeding by sending them through the regular (uncertified) mail addressed to the "Managing Agent" of CCB without identifying by name the particular person who was to receive the service. CCB has not denied receiving the summons and complaint, but instead presented evidence, through the testimony of Bob Mangum, an assistant vice president in CCB's recovery department, that the summons and complaint were apparently placed in a recovery department file for an installment loan account with Franklin–Lee Homes for $1,400 that had been "charged off." Mr. Mangum testified that he was unaware of the complaint until he discovered it in that

file after having received a letter in February of 1989 from the attorney representing the debtor in the adversary proceeding which stated that the default judgment had been entered. The file for the installment loan account was the only file for Franklin–Lee Homes in CCB's recovery department office.

Mr. Mangum testified that mail received by CCB which is not addressed to a particular person is opened in the mail room where a determination is made as to the appropriate department where it should be directed. Mr. Mangum testified that correspondence concerning bankruptcy matters is normally routed to the recovery department. The clerical worker in the recovery department who receives the mail from the mail room had only been working there approximately one month when the summons and complaint were received in December of 1988. Mr. Mangum acknowledged that the clerical worker's training might not have enabled her to distinguish between an adversary proceeding complaint and more routine correspondence concerning bankruptcy matters. Mr. Mangum testified that CCB received approximately 36,000 pieces of mail monthly and that December was a very busy month for the recovery department.

CCB did not present any evidence to show the existence of meritorious defenses to the debtor's avoidance action. The debtor's complaint alleges that the debtor entered into a loan agreement with a lending institution other than CCB in October of 1986 and that proceeds of that loan were transferred directly to CCB to repay overdrafts owed by the debtor to CCB; the debtor contends that these transfers were preferential or fraudulent. CCB's brief in support of its motion to set aside the default judgment states, with little or no elaboration, that meritorious defenses to the debtor's action exist with respect to whether an examiner has the authority to insti-

tute an adversary proceeding on behalf of a debtor,[1] whether the debtor was insolvent at the time of the alleged preference, whether the payments CCB received were made, "in the ordinary course of business" within the meaning of 11 U.S.C. § 547(c)(2), whether the funds transferred were property of the debtor, and whether interest is allowable from the date of the receipt of the alleged preference.

Counsel for CCB argued at the hearing held on May 3, 1989, that the prejudice to the debtor would be minimal if the default judgement were to be set aside because the debtor has instituted actions against other banks to recover payments made to those banks which came from the same loan that was used to pay CCB. It was argued that the legal and factual issues in these other proceedings, which have not yet come to trial, are virtually identical to those presented in the adversary proceeding against CCB.

Rule 55(c) of the Federal Rules of Civil Procedure (made applicable to this proceeding by Bankruptcy Rule 7055) provides that a default judgment may be set aside in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. In order to have a default judgment set aside pursuant to Rule 60(b), the movant must show that its motion is timely, that it has a possible meritorious defense to the underlying cause of action, that the opposing party would not be unfairly prejudiced if the default judgment is set aside, and that there was mistake, inadvertence, surprise, or excusable neglect to justify the movant's inaction which allowed the default judgment to be entered. *Park Corp. v. Lexington Insurance Co.*, 812 F.2d 894 (4th Cir.1987). The disposition of a motion to set aside a default judgment is a matter addressed to the discretion of the court. *Id.* Any doubts should be resolved in favor of allowing the case to be determined on the mer-

---

**1.** An examiner was appointed in the debtor's bankruptcy case and it is the attorney for the examiner who signed the adversary proceeding brought against CCB which names the debtor as the plaintiff. The bankruptcy court has ruled in other adversary proceedings involving this debt-

or that the examiner does have the authority to bring preferential and fraudulent transfer actions on behalf of the debtor. The issue of the examiner's authority is currently before the district court on appeal in one of those other adversary proceedings.

its. *In re Hinkley,* 89 B.R. 608, 610 (S.D. Tex.1988).

The facts of this case are similar to those in *Park Corp.,* in which the Fourth Circuit affirmed the lower court's denial of a motion to set aside a default judgment for $429,000. The defendant in *Park Corp.,* an insurance company, admitted that the plaintiff's summons and complaint had been received in its mail room and that an employee had signed a postal return receipt for those documents. Thereafter, the summons and complaint inexplicably disappeared and were therefore never brought to the attention of the appropriate officials. The missing documents were apparently never found. The Fourth Circuit found that the defendant had a meritorious defense to the insurance claim brought in the suit (the defendant was a third tier liability insurer for the plaintiff and it was the first and second tier insurers who were obligated to pay the claim), but nevertheless upheld the refusal to set aside the default judgment because of the defendant's failure to show that he had an acceptable excuse for lapsing into default:

> The unexplained disappearance of the summons and complaint from Lexington's [the defendant's] mail room does not constitute grounds for relief from the default judgement under Rule 60(b)(1). Because Lexington could give no reason for the loss of the complaint, the district court could not determine whether it had an acceptable excuse for lapsing into default. In the absence of any acceptable excuse for Lexington's default, the district court did not abuse its discretion in determining that Lexington had failed to demonstrate any mistake, inadvertence, surprise, or excusable neglect that would justify relief from the default judgement under Rule 60(b)(1). Indeed, to hold otherwise would be to allow defaulting defendants to escape the consequences of their inaction simply by asserting that the legal process to which they failed to respond was lost.

*Id.* at 897.

In a concurring opinion, Judge Haynsworth took the position that a default judg-ment should be set aside when there has been an unexplained loss of a summons and complaint if the defendant had maintained adequate internal controls designed to prevent such a loss and to assure that the papers reached the appropriate officials. However, Judge Haynsworth took the view that the default judgment should stand because the defendant failed to show it had adequate safeguards:

> The best of systems sometimes suffers an occasional breakdown. When it does, the neglect should be treated as excusable, but sloppy handling of papers by which legal actions are commenced is inexcusable. In this case, Rule 60(b) relief was properly denied not because of the loss of the papers and not because the loss was unexplained but because Lexington made no showing that it had in place reasonable internal controls designed to prevent or discover such losses.

*Id.* at 898 (concurring opinion).

In the present case, CCB's evidence tended to show that its failure to respond to the debtor's complaint was due to the misfiling of that complaint by an inexperienced and inadequately trained clerical worker. The court does not believe that CCB has shown that it maintained adequate procedures designed to insure that a legal complaint would receive the appropriate attention. CCB argues that the complaint would not have been misplaced had it been addressed to a specific named individual, rather than to the "Managing Agent." However, the court does not believe that this constitutes an acceptable excuse, especially since the method of service employed by the debtor in this adversary proceeding appears to have been contemplated by the rules. See *In re Outlet Department Stores, Inc.,* 49 B.R. 536, 539 (Bankr.S.D.N.Y.1985). The court is of the opinion that, as in *Park Corp.,* CCB has failed to make an adequate showing of an acceptable excuse for lapsing into default; the motion to set aside the default judgment will therefore be denied.

Counsel for CCB has indicated that CCB intends to appeal this order denying the motion to set aside the default judgment. Once notice of appeal has been filed, the

 

court will stay enforcement of the underlying judgment pending appeal upon the submission of an appropriate order by counsel for CCB.

SO ORDERED.